No. 20,088.

SHIRLEY B. MINSHALL, ET AL., *v.* WALTER I. PETTIT, ET AL.
(379 P. [2d] 394)

Decided February 25, 1963.    Rehearing denied March 18, 1963.

Messrs. HOLLAND & HART, Mr. WILLIAM C. MCCLEARN, Mr. WARREN L. TOMLINSON, for plaintiffs in error Shirley B. Minshall and Ruth P. Minshall.

Mr. ROY H. MCVICKER, JR., Mrs. PATRICIA H. MALOY, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE DAY.

THIS writ of error was directed to the action of the trial court in granting a temporary injunction whereby the plaintiffs in error were precluded for the time being (in order to preserve the status quo) from erecting a multiple unit apartment house in a subdivision which, in its inception, contained restrictive covenants as to each of the building sites prohibiting the erection of any improvements thereon save single family dwellings.

Had the parties limited themselves to the issue of whether the temporary injunction should be granted to preserve the status quo pending final determination, we would not have a voluminous record such as that before us. The parties spent five days in what was actually a trial on the merits of the case as though the issues had been framed on the question of a permanent injunction and adjudication on the validity of the restrictive covenants. We are urged to overlook the rules and to determine this writ of error on the merits, notwithstanding that after the five day hearing, which the plaintiffs in error contend "was not a trial," no motion for a new

trial was filed and no order was entered by the court dispensing therewith. R.C.P. 59 (b) and (f).

It is the contention of the plaintiffs in error that such a motion does not apply to writs of error brought to determine the validity of the court's action in granting or denying a temporary injunction under Rule 111 (a), R.C.P. This contention is without validity.

In *Kopff v. Judd*, 134 Colo. 330, 304 P. (2d) 623, this court quite clearly, we think, announced that the decision there was made "in order to set at rest" the speculation as to when Rule 59, R.C.P. (b) and (f) applies. In *Board v. Marshall*, 136 Colo. 200, 315 P. (2d) 198, we restated the holding of the Kopff case and said that the rule was meant to apply to actions in the nature of certiorari where admittedly no "trial de novo" is held. On the same day three other cases were dismissed for the same reason, and all appear in volume 136 of the Colorado Reports, viz: *Board v. Ramsay*, 136 Colo. 205, 315 P. (2d) 200; *Board v. Reeves*, 136 Colo. 206, 315 P. (2d) 200; *Board v. Reagan*, 136 Colo. 207, 315 P. (2d) 201.

In a fourth case in the same volume, *Walter v. Walter*, 136 Colo. 405, 318 P. (2d) 221, the court points to two mandatory words in Rule 59, one being "shall" and the other being "must," and then said: "If these two mandatory words are to mean anything they mean that there is only one way to avoid the need to file a motion for a new trial and that is by having the trial court order otherwise."

We have repeatedly asserted that the reason for adhering to this rule is to attempt to give vitality to its purpose "to give the trial court an opportunity to correct alleged errors."

After the five full days of hearing in the trial court, the plaintiffs in error, who were enjoined by the order herein complained of, brought this writ of error asserting that the trial court committed error. Why in such a proceeding it is not important to give the court an

opportunity to correct such alleged error by filing a motion for a new trial is not readily discernible. Nor is there a valid reason why the court should not have been reminded to dispense with such motion if it felt one should not be filed.

The writ of error is dismissed.

MR. JUSTICE SUTTON and MR. JUSTICE MCWILLIAMS concur.