## No. 20,418.

### George W. Bayers, Jr., v. W.O.W., Inc., et al.

(379 P. [2d] 815)

Decided March 11, 1963.    Rehearing denied April 1, 1963.

Messrs. Donaldson, Hoffman & Goldstein, Mr. Victor F. Crepeau, for plaintiff in error.

Messrs. Holland & Hart, Mr. James T. Moran, Mr. William E. Murane, for defendants in error W.O.W., Inc., Revilo Industries, Inc., Peter Oliver and Robert L. Hall.

Messrs. Hackethal & McNeill, for defendant in error William C. Wilson.

*En Banc.*

Mr. Justice Day delivered the opinion of the Court.

Plaintiff in error sought a temporary injunction in the trial court, which was denied. To that ruling of

the court he brings a writ of error to this court without having filed a motion for a new trial or obtaining an order of the trial court dispensing therewith.

Under the authority of *Minshall v. Pettit,* 151 Colo. 501, 379 P. (2d) 394, the writ of error is dismissed.

MR. CHIEF JUSTICE FRANTZ dissents.

MR. JUSTICE MOORE not participating.

MR. CHIEF JUSTICE FRANTZ dissenting:

Failure to file a motion for new trial in the trial court is an irregularity; such failure does not render this court wanting in jurisdiction to determine a writ of error. Such irregularity can be waived. *Williams v. Williams,* 110 Colo. 473, 135 P. (2d) 1016. *Quod erat demonstrandum.*

In enumerating the "deficiencies" of a record before it, this court observed: "Further, the record on error contains nothing to show that a motion for a new trial was made or dispensed with, which, at least, as to issues of fact, is a condition precedent to the maintenance of a review of the judgment on writ of error. Rule 59 C (e) R.C.P. Colo." Treating its authority to act in the premises as an exercise of discretion to pass upon the questions presented on writ of error, this court did say that "[t]hese *deficiencies* afford ample basis for dismissal of the writ of error, either upon motion, or our own initiative, and *ordinarily* such would follow." (Emphasis supplied.) *Williams v. Williams,* supra.

Noting that "the rules of this court have not been observed, and for that reason alone the appeal *might* be dismissed," this court, in *Lombard v. Overland Ditch & Res. Co.,* 41 Colo. 253, 92 Pac. 695, stated: "But as appellee did not *seasonably object* to such non-compliance, and as it is more satisfactory to us to put the decision upon more substantial grounds, we proceed to a discus-

sion of the assigned error *which counsel have argued.*" (Emphasis supplied.)

To like effect is the case of *Henry v. Travelers Insurance Co.*, 16 Colo. 179, 26 Pac. 318, in which this court held that a motion to dismiss a writ of error, on the ground that there had been a noncompliance with the rules of the court respecting briefs, should be filed in apt time in order to have this court consider it.

An adverse judgment of nonsuit rendered in the county court was appealed to the district court without the requisite motion to set aside the nonsuit having been filed. In *Fairbanks Morse & Co. v. MacLeod*, 8 Colo. App. 190, 45 Pac. 282, it was said concerning this matter, " * * * This prerequisite is conceded, and yet the neglect to file the motion does not operate to bar the jurisdiction of the district court. If the defendant Mac-Leod had in apt time filed his motion to dismiss, it would have been granted. The appeal would have been dismissed and the judgment of the county court would have been final. * * * Having failed to stand on his rights or to assert them in apt time and rely on his contention, he is precluded from contesting the jurisdiction of the district court. This question has been many times decided in analogous cases."

No motion to dismiss the writ of error, on the ground that the plaintiff had failed to file his motion for new trial in the lower court, was filed in the instant case until a few days before it was to be orally argued in this court. The case had been pending on writ of error before us for some months, briefs had been filed on the issues presented by the writ of error, the matter had been set for oral argument for some weeks, and it was only after the release of our opinion in *Minshall v. Pettit* on February 25, 1963, that the defendants in error filed their motion to dismiss because of the absence of motion for new trial in the lower court.

Such motion to dismiss was not filed in apt time. After joinder on error, any right to seek a dismissal of

this case should be deemed to have been waived. *Minshall v. Pettit*, supra, is distinguishable from the instant case in that timely motions were filed.

It is for these reasons that I dissent.