No. C-597

**Grant and Katherine Lewis v. The People of the State of Colorado in the Interest of the Following Children: C.K.L., R.F.L., M.J.L., B.L.L., L.S.L., W.L., and C.L.**

(543 P.2d 722)

Decided December 1, 1975.                    Rehearing denied December 22, 1975.

Robert Gordon, for petitioners.

Kenneth M. Plotz, John W. Dunn, for respondents.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.


We granted certiorari in this case in order to decide whether an appeal may be taken pursuant to C.R.J.P. 57 without the necessity of first making a motion for a new trial.

This controversy arises out of a dependency proceeding wherein the children, M.J.L., W.L., and C.L., were found by a jury to be dependent and neglected children. The parents filed notice of appeal, without, however, having first moved for a new trial. The court of appeals dismissed the appeal with prejudice for failure to comply with C.R.C.P. 59(f).

■ Subsequent to our grant of certiorari, this court adopted new rules of juvenile procedure which became effective on August 1, 1975. Rules 20[1] and 22[2] now make clear that a motion for a new trial must be made in writing before a final appealable judgment exists. We are concerned here, however, only with the Rules of Juvenile Procedure in effect until August 1, 1975, and all references to these rules in this opinion will be to their numeration prior to that date. We have concluded that even under the old rules a new trial motion must be made. In order to avoid prejudice to petitioners, and because of the confused state of the rules, we reverse and remand with instructions that petitioners be allowed to file a motion for a new trial.

■ The requirement that a party make a new trial motion before bringing an appeal has long been an integral part of Colorado procedure. *See Martin v. Opdyke Agency, Inc.,* 156 Colo. 316, 398 P.2d 971; *Minshall v. Pettit,* 151 Colo. 501, 379 P.2d 394. The justification for the requirement is manifest. The trial court must be given an opportunity to correct possible errors made during the course of the trial. *Walter v. Walter,* 136 Colo.405, 318 P.2d 221. Otherwise, the appellate courts will be burdened with searching for errors which the trial court could, if

---

[1] "(a) A motion for new trial or rehearing shall be in writing, shall be made within ten days of entry of the order or decree * * *."
"(c) The party claiming error in a trial or hearing must move the court for a new trial. The court may not dispense with the necessity of filing such a motion. * * *"
[2] "(a) An appeal will lie from any final order, decree, or judgment. * * *"

pointed out to it, have corrected with greater facility. We do not view a motion for a new trial as a merely routine or perfunctory gesture. *Martin v. Opdyke Agency, Inc., supra.*

The foregoing considerations have no less relevance when applied to cases arising under the Rules of Juvenile Procedure. However, the language of C.R.J.P. 55 and 57 did not make clear whether such a motion was required: "Rule 55. Motions for New Trial or Rehearing. A motion for new trial or rehearing shall be in writing, shall be made within ten days of entry of the order or decree unless time is enlarged by the court. * * *"

"Rule 57. Appeals. An appeal as provided in * * * section 13-4-102, C.R.S. 1973, may be taken from any order, decree, or judgment. Appellate procedure shall be as provided by the Colorado Appellate Rules. * * *" Petitioners suggest, for example, that Rule 57 only made new trial motions optional.

We conclude, however, that a motion for a new trial should have been made even under the old Rules of Juvenile Procedure. C.R.J.P. 1 provided that juvenile hearings are civil in nature and are to be conducted according to the Rules of Civil Procedure unless a specific rule of juvenile procedure controls. C.R.J.P. 54 to 57, which governed rehearing, new trial, and appeal, should therefore have been read in *pari materia* with the Rules of Civil Procedure.

It is true that C.R.J.P. 57 did not in so many words require a motion for a new trial. But, because C.R.J.P. 55 did provide for such a motion, and because the analogous provision, C.R.C.P. 59(f), clearly calls for one, we believe that the requirement can readily be read into C.R.J.P. 57. Indeed, in light of the strong policy in Colorado favoring new trial motions, any other interpretation of the appellate provisions of the juvenile rules would seem strangely at odds with the prevailing pattern of review in this state.

■ We recognize that the petitioners and their counsel may have been misled by the wording of the Rules of Juvenile Procedure as they existed at the time; however, in view of the nature of the case and the serious consequences of the jury verdict, review of which is sought on appeal, we are unwilling to burden petitioners with their understandable misconstruction of the new trial rules here involved.

Accordingly, we reverse and remand the cause to the court of appeals, with directions that the case be remanded to the district court, and that petitioners be granted leave to move for a new trial.