**The PEOPLE of the State of Colorado, Appellee,**

**In the Interest of R. R., and Concerning B. J., Appellant.**

No. 78–426.

Colorado Court of Appeals, Division III.

Sept. 6, 1979.

Rehearing Denied Oct. 4, 1979.

Certiorari Denied March 10, 1980.

J. D. MacFarlane, Atty. Gen., David W. Robbins, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Susan P. Mele-Sernovitz, Asst. Atty. Gen., Denver, for appellee.

J. Gregory Walta, Colorado State Public Defender, Ilene P. Buchalter, Deputy State Public Defender, Denver, for appellant.

BERMAN, Judge.

R. R. appeals from an order of the juvenile court which committed him to the department of institutions for a mandatory one-year term. We affirm.

██ We note, preliminarily, that, because of appellant's failure to file a motion for a new trial, this court, on its own motion, issued an order to show cause why this appeal should not be dismissed for lack of a final judgment. *See Lewis v. People in the Interest of C. K. L.,* 189 Colo. 552, 543 P.2d 722 (1975); C.R.J.P. 20 and 22. A motion to dismiss, on the same ground, was then filed by the People. We conclude that, in the circumstances of this case, a motion for a new trial was not necessary.

Section 19–1–112(1), C.R.S.1973 (1978 Repl.Vol. 8), provides that appeals of juvenile cases are governed by the Colorado appellate rules. The sole issue in this appeal is the propriety of the disposition entered by the juvenile court, and therefore, it is similar to an appeal of a sentence under C.A.R. 4(c). *See* § 18–1–409, C.R.S.1973 (1978 Repl.Vol. 8). The abbreviated procedure provided by the rule allows appellate review of a sentence upon the filing of a notice of appeal within thirty days. C.A.R. 4(c)(2)(II)(A). That requirement was met here. And, although the rule, by its terms, applies to sentences imposed after conviction of a felony, a delinquency proceeding, "where the issue is whether the child will be . . . subjected to the loss of his liberty for years is comparable in seriousness to a felony prosecution." *In re Gault,* 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967).

Turning to the merits, we find in the record the following pertinent facts: In 1974, based on certain acts which would have been misdemeanors if committed by an adult, R. R., who was born on November 23, 1959, was adjudicated a delinquent child and placed on probation. A second delinquency petition, also based on acts which would have been misdemeanors if committed by an adult, was sustained on July 29, 1977, and R. R. was again placed on probation.

A petition to revoke the probation, filed on November 25, 1977, charged that on September 16, 1977, R. R. had committed acts which would have been second degree burglary and conspiracy if committed by an adult. After a trial to the court on January 12, 1978, R. R. was found to have committed the acts. *See People in the Interest of C. B.,* Colo., 585 P.2d 281 (1978). A dispositional hearing was held on March 13, 1978, after which the petition to revoke probation was sustained and R. R. was committed to the department of institutions for a mandatory one-year term as a "third-time offender." *See* § 19–3–113.1(2)(b), C.R.S.1973 (1978 Repl.Vol. 8).

██ R. R.'s sole contention on this appeal is that the juvenile court improperly applied the mandatory commitment provision of the dispositional statute. He argues that § 19–3–113.1(2)(b) requires a one-year commitment only in those cases in which at least one of the prior delinquency adjudications is

based on an offense which would constitute a felony if committed by an adult. Since his prior delinquency adjudications involved acts which would only have been misdemeanors, he contends that a mandatory one-year term was improper. We find no error.

The dispositional statute, § 19–3–113.1, C.R.S.1973 (1978 Repl.Vol. 8), provides:

"(1) Upon adjudication as a violent juvenile offender, the child shall be placed or committed out of the home for not less than one year.

(2)(a) The court may sentence a repeat juvenile offender pursuant to section 19–3–113(1)(d) or may commit a repeat juvenile offender or a violent juvenile offender to the department of institutions. . .

(b) When a child who has been adjudicated a delinquent child twice or a child who has been adjudicated a delinquent child and whose probation has been revoked for an act which would constitute a crime if committed by an adult subsequently is adjudicated a delinquent child or has probation revoked for an act which would constitute a crime if committed by an adult, the child shall be placed or committed out of the home for not less than one year . . .."

Section 19–3–113(1)(d), C.R.S.1973 (1978 Repl.Vol. 8), referred to in subsection (2)(a) above, allows a sentence to the county jail in certain situations. Definitions of two relevant terms are contained in § 19–1–103, C.R.S.1973 (1978 Repl.Vol. 8):

"(23.5) 'Repeat juvenile offender' means a child, previously adjudicated a delinquent child, who is adjudicated a delinquent child for an offense which would constitute a felony if committed by an adult or whose probation is revoked for

an offense which would constitute a felony if committed by an adult.

. . . . .

(28) 'Violent juvenile offender' means a child fifteen years of age or older at the time the act complained of was committed who is adjudicated a delinquent child for a crime of violence as defined in section 16–11–309(2), C.R.S.1973, or whose probation is revoked for a crime of violence as defined in section 16–11–309(2), C.R.S.1973."

It is clear from the record that R. R. was not committed to the department as either a violent juvenile offender under § 19–3–113.1(1), or a repeat juvenile offender under § 19–3–113.1(2)(a). Rather, he was committed under § 19–3–113.1(2)(b). The record also makes it clear that the court considered, and rejected, a county jail sentence under § 19–3–113(1)(d), C.R.S.1973.

 R. R.'s argument, that subsection (2)(b) must be read to include the definition of a repeat juvenile offender, and that therefore one of the prior adjudications must be based on a felony, is without merit.[1] The unambiguous language of subsection (2)(b) requires two prior acts, each of which would constitute, at most, a *crime* if committed by an adult.[2] Had the General Assembly intended to restrict application of subsection (2)(b) to those cases in which one of the prior adjudications was based on a *felony,* it could easily so have stated. *Compare* § 19–3–113.1(2)(b), C.R.S.1973 (1978 Repl.Vol. 8), *with* § 19–1–103(23.5) *and* § 19–3–113.1(2)(a), C.R.S.1973 (1978 Repl. Vol. 8). Thus, there being no absurdity involved, the plain meaning of the statute governs. *American Metal Climax, Inc. v. Claimant in re Death of Butler,* 188 Colo. 116, 532 P.2d 951 (1975); *Hill v. Sleep Products, Inc.,* 41 Colo.App. 133, 584 P.2d 93 (1978).

1. We need not determine whether or not § 19–3–113.1(2)(b) and § 19–1–103(23.5) are consistent.

2. R. R.'s prior adjudications, and the revocation of his probation, were all based on acts which would have been crimes if committed by an adult. Thus, we need not, and therefore do not

consider whether § 19–3–113.1(2)(b) applies to adjudications of delinquency based on acts which would *not* be crimes if committed by an adult. *Compare* §§ 19–1–103(9)(a)(III) and 103(9)(c), C.R.S.1973 (1978 Repl.Vol. 8) *with People v. Y. D. M.,* Colo., 593 P.2d 1356 (1979).

We have considered R. R.'s other contentions of error and find them to be without merit.

Order affirmed.

RULAND and KELLY, JJ., concur.