The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Edward Wesley HALLMAN,
Defendant-Appellant.

No. 78–947.

Colorado Court of Appeals,
Div. III.

July 31, 1980.

Rehearing Denied Sept. 18, 1980.

Certiorari Granted Feb. 9, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Jeralyn E. Merritt, Sp. Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Robert P. Mitchell, Sp. Deputy State Public Defender, Denver, for defendant-appellant.

PIERCE, Judge.

In July 1977, defendant entered a plea of guilty to a charge of sexual assault on a child, and was granted a deferred sentence in accordance with § 16–7–403, C.R.S.1973. In June 1978, defendant was charged with violating the conditions of his deferred sentencing, and, after a hearing as required by § 16–7–403(2), C.R.S.1973, deferred sentencing was revoked and a judgment was entered sentencing defendant to the Colorado State Penitentiary for an indeterminate term not to exceed eight years. Defendant appeals that judgment contending (1) that the trial court erred in denying his motion to continue the revocation hearing until after the trial of the new charge upon which revocation was based; and (2) that the complaint failed to identify the violation charged and condition of deferred sentencing which had allegedly been violated.

We must initially deal with a procedural problem. In a criminal case, an untimely filed motion for new trial does not divest an appellate court of jurisdiction to consider the issues raised on appeal which are also presented in the motion. *People v. Moore*, 193 Colo. 81, 562 P.2d 749 (1977). However, the complete failure to file a motion for new trial, as in the case before us, does preclude consideration of issues raised on appeal because of the requirement of Crim.P. 33(a) that issues to be considered on appeal must be brought to the attention of the trial court in a motion for new trial. *Vigil v. People*, 196 Colo. 522, 587 P.2d 1196 (1978).

In *Lewis v. People*, 189 Colo. 552, 543 P.2d 722 (1975), the Supreme Court stated that the requirement for a motion for new trial is an integral part of Colorado procedure, that such a motion does not constitute merely a routine or perfunctory gesture, and that the justification for the requirement is that the trial court must be given an opportunity to correct possible errors made in the course of the trial. In the absence of plain error, we may not review the alleged errors if the trial court has not had the opportunity to do so.

The revocation of a deferred sentence is similar to the revocation of probation in that both result in final judgments from which an appeal may be taken. *People v. Peretsky*, Colo.App., 616 P.2d 170 (1980). And, as with other final judgments, a motion for new trial is a prerequisite for appellate review of a revocation of probation except when the propriety of a sentence is being appealed as provided in C.A.R. 4(c). *See People in the Interest of R. R.*, Colo.App., 607 P.2d 1013 (1979).

Where factual determinations are at issue, we find no significant distinction between a revocation of deferred sentencing and a revocation of probation which would obviate the need for a motion for new trial when appealing the former but not when appealing the latter. As a result, we hold that the provisions of Crim.P. 33(a) precluding appellate review absent a motion for new trial, apply to the revocation of a deferred sentence.

We are aware that Crim.P. 52(b) provides an exception to the motion for new trial requirement of Crim.P. 33(a) when plain errors or defects affecting substantial rights have occurred. However, our review of the record and the briefs filed by the parties does not indicate plain error affecting the substantial rights of the defendant in this case. The continuance of a revocation hearing until after the trial on the new charges is a matter which lies within the discretion of the trial court. *People v. Ray*, 192 Colo. 391, 560 P.2d 74 (1977). We find no evidence of prejudice to defendant which would indicate an abuse of discretion by the trial court rising to the level of plain error. *See People v. Carr*, 185 Colo. 293, 524 P.2d 301 (1974).

Additionally, we find no plain error with respect to defendant's contention regarding the insufficiency of the complaint. Even assuming that the complaint did not give defendant adequate notice of how he allegedly violated the special condition of his deferred sentence, we conclude that the complaint did adequately notify defendant of the charge that he had violated condition

# 3. Defendant's violation of that condition alone, which the trial court found had been proven beyond a reasonable doubt and which defendant does not dispute on appeal, was sufficient grounds for the revocation of the deferred sentence. We therefore find no plain error with respect to this contention.

■ We reject the argument that C.A.R. 4(c) (as effective at the time of the hearing and notice of appeal) is applicable to this case. That rule allows the appeal of the propriety of a sentence without requiring the filing of a motion for new trial. *People in the Interest of R. R., supra.* Here, defendant is not appealing the propriety of his sentence, but rather is contending that errors occurred with respect to the revocation hearing. As a result, the failure to file a motion for new trial precludes our consideration of this appeal.

Appeal dismissed.

BERMAN and VAN CISE, JJ., concur.