Edward Wesley HALLMAN, Petitioner,

v.

The PEOPLE of the State of
Colorado, Respondent.

Beverly Sue NISTED, Petitioner,

v.

The PEOPLE of the State of
Colorado, Respondent.

Nos. 80SC291, 81SC34.

Supreme Court of Colorado,
En Banc.

Sept. 13, 1982.

J. Gregory Walta, Colorado State Public Defender, Robert P. Mitchell, Ruth Brammer Johnson, Sp. Deputy Public Defenders, Denver, for petitioners.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Gerald C. Boyle, Morgan Rumler, David K. Rees, Asst. Attys. Gen., Jeralyn E. Merrit, Denver, for respondent.

HODGES, Chief Justice.

We granted certiorari to review the court of appeals' dismissal of appeals in *People v. Hallman,* Colo.App., 624 P.2d 347 (1980) and *People v. Nisted,* —— P.2d —— (Colo.App. No. 80CA0326, Dec. 5, 1980) (now ordered officially published), and have consolidated the cases for the purpose of this opinion. In each case, the appeal was from a trial court order revoking the defendant's deferred sentence and the appeal in each case was dismissed because of failure of the defendant to file a timely motion for a new trial. We affirm.

Defendant Hallman and Defendant Nisted were granted deferred sentences pursuant to section 16–7–403, C.R.S.1973 (1978 Repl.Vol. 8), following a plea of guilty by each to criminal charges. Subsequently, each was charged with having violated the terms and conditions of each deferred sentence. A hearing was held in each case in accordance with section 16–7–403(2), at the conclusion of which a deferred sentence was revoked and sentence was imposed.

Asserting alleged errors in the trial court proceedings, the defendants separately sought review of the trial court's revocation order and imposition of sentence. The court of appeals, however, held that in each case appellate review was precluded because the defendant had failed to file a timely motion for a new trial in accordance with the provisions of Crim.P. 33(a). Accordingly, each appeal was dismissed by the court of appeals.

In considering this narrow procedural issue, we hold that compliance with the motion for a new trial requirement of Crim.P. 33(a) is a prerequisite for appellate review of a trial court's judgment revoking a deferred sentence, and imposing a sentence. Crim.P. 33(a) provides:

"*No Review Unless Motion Made:* The party claiming error in the trial of any case must move the trial court for a new trial, and the trial court may not dispense with the necessity for filing such a motion but may dispense with oral argument on the motion after it is filed. Only questions presented in such motion will be considered by the appellate court on review."

A revocation hearing under section 16–7–403 is a trial type procedure conducted by the trial court for the purpose of making a factual determination as to whether there has been a failure to abide by the conditions of a deferred sentence. If the defendant failed or refused to carry out one or more of the conditions of a deferred sentence, it will be revoked. If revoked, the trial court imposes a sentence. This occurred in both of the cases under consideration here, and in both cases the defendants sought to appeal alleging that in several respects the trial courts erred, and that their judgments should be reversed.

A motion for a new trial is required by Crim.P. 33(a) in order to give the trial court an opportunity to correct possible errors committed in the course of the trial court proceeding thereby avoiding an unnecessary appeal. *People v. Moore,* 193 Colo. 81, 562 P.2d 749 (1977); *Lewis v. People,* 189 Colo. 552, 543 P.2d 722 (1975). By not filing motions for a new trial, the trial courts here had no such opportunity to eliminate the necessity of an appeal by each of these defendants.

We affirm the judgments of dismissal.