The **PEOPLE of the State of Colorado,**
**Petitioner-Appellee,**

**In the Interest of C.R.B., a**
**Child, Appellant,**

**And Concerning L.T. (SF), and G.T.,**
**Respondents-Appellants.**

No. 82CA0720.

Colorado Court of Appeals,
Div. III.

March 17, 1983.

J.D. MacFarlane, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel W. Cantrick, Sp. Asst. Atty. Gen., Patricia A. Wallace, Asst. Atty. Gen., Denver, for petitioner-appellee.

Levi Martinez, Denver, for appellants.

SILVERSTEIN *, Judge.

C.R.B., a child, was charged in a delinquency petition with acts which would have been a felony and a misdemeanor if committed by an adult. The petition was sustained and the child was adjudicated a delinquent child for the fourth time. At the dispositional hearing, he was committed to the Department of Institutions for not less than one year as a mandatory sentence offender. He appeals the commitment. We affirm.

---

\* Retired Court of Appeals Judge sitting by assignment of the Chief Justice under provisions of the *Colo. Const.,* Art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S.1973 (1982 Cum.Supp.).

C.R.B. contends that the trial court erred (1) in sentencing him as a "mandatory sentence offender" pursuant to §§ 19–1–103(19.5) and 19–3–113.1(2)(b), C.R.S.1973 (1982 Cum.Supp.); and (2) in determining that the court had no discretion in its disposition under the statute.

### I.

■ C.R.B. asserts that he had no notice that he was being tried as a multiple offender and claims that the mandatory sentence offender statutes are analogous to the habitual criminal laws which require that an accused be charged with specific counts before his sentence can be enhanced. These assertions are without merit.

The mandatory sentence statutes do not enhance the disposition but merely require the court to impose a specific disposition on the offender, namely, that the "court shall place or commit [the] offender out of the home for not less than one year." Section 19–3–113.1(2)(b), C.R.S.1973 (1982 Cum. Supp.).

Further, the record discloses that an advisement hearing was held. No transcript of that hearing is included in the record, and, therefore, we must presume that as required by C.R.J.P. 3(b), C.R.B. was advised of "[t]he dispositional alternatives available to the court if the petition is proven or admitted." *See Hinshaw v. Dyer,* 166 Colo. 394, 443 P.2d 992 (1968).

### II.

■ C.R.B. contends that the General Assembly cannot take away all discretion from the court. However, "it is the legislature's prerogative to define crimes and prescribe punishments." *See People v. Hinchman,* 196 Colo. 526, 589 P.2d 917 (1978), and *People in the Interest of R.R.,* 43 Colo.App. 208, 607 P.2d 1013 (1979). And, courts have no jurisdiction to enter dispositions inconsistent with the terms specified by statute. *Hinchman, supra.* So, here, the trial court correctly determined that it had no discretion in the disposition under the statute.

Order affirmed.

VAN CISE and KELLY, JJ., concur.