**284**

Val A. Maiocco, Covina, Cal., for petitioner.

Perry Rivkind, Dist. Director, I.N.S., Miami, Fla., Robert Kendall, Jr., Richard M. Evans, Steven L. Barrios, Office of Immigration Litigation, Washington, D.C., for respondent.

**Tyrone Oliver CHONG, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 89–5017

Non–Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Oct. 2, 1989.

Before VANCE, HATCHETT and CLARK, Circuit Judges.

PER CURIAM:

While on permanent resident status in the United States, the petitioner, Tyrone Oliver Chong, left the country. Upon his reentry, Customs agents discovered three pounds of marijuana concealed in his belongings. The state of Florida prosecuted Chong in its courts. Pursuant to Florida Statute 948.01(3), the state court withheld adjudication of guilt and imposition of sentence, but placed Chong on probation for six months.

The issue is: whether the Board of Immigration Appeals (BIA) correctly held that Chong had been "convicted" within the meaning of the immigration laws of the United States. Conviction of a felony is a ground for deportation.

The BIA properly held that the petitioner was "convicted" within the meaning of section 241(a)(11) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(11), although the state court or-

dered that the adjudication of the petitioner's guilt be withheld. The petitioner clearly meets the standards set forth by the BIA in *Matter of Ozkok,* Interim Decision 3044 (BIA 1988), and thus has been "convicted" for immigration purposes. The BIA was also correct in not considering the Florida expungement statute because this court, other courts of appeals, and the BIA have expressly held that the term "convicted" in the Act must be interpreted in accordance with federal standards. *Gonzalez de Lara v. United States,* 439 F.2d 1316 (5th Cir.1971).

AFFIRMED.