4 F.3d 986
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Ramon ESCOBAR, Defendant-Appellant.
 No. 92-5746.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: July 22, 1993.
Decided: August 24, 1993.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., Senior District Judge. (CR-92-221-A)
 Lance D. Gardner, Gardner & Carter, Fairfax, Virginia, for Appellant.
 Richard Cullen, United States Attorney, Jane S. Weaver, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before RUSSELL, WILKINS, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Ramon Escobar, an alien from Honduras, appeals from his conviction and twenty-one month sentence for re-entry into the United States after being deported subsequent to a felony conviction, 8 U.S.C.A. Sec. 1326 (West Supp. 1993). The parties agreed to a stipulation of facts in the district court prior to trial. Because we find that Escobar's guilty plea to a felony charge in a Florida court is a "conviction" for purposes of the immigration statute, we affirm Escobar's conviction and sentence.
 
 
 2
 The parties agreed to the following facts. Escobar was convicted pursuant to a guilty plea in 1987 in a Florida court of burglary and petit theft. An adjudication of guilt was withheld and Escobar was placed on probation for twelve months provided that he serve thirty-four days in jail and that he be voluntarily deported to Honduras. Escobar was warned that if he violated conditions of his probation, he could be arrested and the court could impose sentence. Escobar was deported in December 1987. Escobar has never attacked the validity of the Florida guilty plea.
 
 
 3
 Escobar re-entered the United States in 1989, and was discovered in March 1992. Escobar never obtained permission from the proper authorities to return to the United States. The district court determined that Escobar had violated the terms of the immigration statute, found him guilty, and sentenced him under the Sentencing Guidelines to twenty-one months in prison, a $50 special assessment, and two years of supervised release.
 
 
 4
 Under 8 U.S.C. Sec. 1326, any alien who has been arrested and deported and "whose deportation was subsequent to a conviction for commission of a felony" may be fined or imprisoned for up to five years or both if he "enters, attempts to enter, or is at any time found in, the United States" without permission from the Attorney General. The maximum statutory sentence is two years if the alien's deportation was not subsequent to conviction for a felony. The statute, however, does not define "conviction."
 
 
 5
 In Dickerson v. New Banner Institute, Inc., 460 U.S. 103 (1983), the Supreme Court held that whether one was "convicted" within the language of a federal gun control statute, is "a question of federal, not state, law, despite the fact that the predicate offense and its punishment are defined by the law of the State." Id. at 112. The Court noted that "[i]n some circumstances," a guilty plea alone is enough to constitute a conviction. Id. at 111-12. A valid guilty plea constitutes admission of the material elements of the crime, McCarthy v. United States, 394 U.S. 459, 466 (1969), and is itself a conviction of the offense charged, Boykin v. Alabama, 395 U.S. 238, 242 (1969). The Dickerson Court also noted that "one cannot be placed on probation if the court does not deem him to be guilty of a crime." Dickerson, 460 U.S. at 113-14.
 
 
 6
 For immigration purposes, a conviction occurs when either a court entered a formal judgment of guilt or withheld adjudication of guilt where three elements are present:
 
 
 7
 (1) a plea of guilty or nolo contendere or finding of guilt by judge or jury;
 
 
 8
 (2) some form of punishment; and
 
 
 9
 (3) a judgment or adjudication of guilty could be entered if the person violated the terms of his probation or failed to comply with the court order, without further proceedings regarding the person's guilt or innocence on the original charge.
 
 
 10
 See Molina v. INS, 981 F.2d 14, 18 (1st Cir. 1992); Martinez-Montoya v. INS, 904 F.2d 1018, 1021-22 (5th Cir. 1990); Chong v. INS, 890 F.2d 284, 285 (11th Cir. 1989). Since Escobar's guilty plea and sentence of a short term of imprisonment and possible probation meet all of these criteria, we find that the Florida offense was a "conviction" for purposes of the immigration statute even though adjudication was withheld.* We therefore affirm his conviction and sentence.
 
 AFFIRMED
 
 
 *
 It is worth noting that even if the federal court applied the state's definition of a conviction, Escobar would still be guilty of the federal offense. Florida courts consider all guilty pleas and jury verdicts convictions, whether or not adjudication occurs. United States v. Orellanes, 809 F.2d 1526, 1528 (11th Cir. 1987), cert. denied, 488 U.S. 817 (1988). As the Orellanes court noted, the Florida Supreme Court has held that "the term 'conviction' means determination of guilty by verdict of the jury or by plea of guilty, and does not require adjudication by the court." State v. Gazda, 257 So. 2d 242, 243-44 (Fla. 1971)