# In re Patricio CHAIREZ-Castaneda, Respondent

File A41 311 303 - Aurora

*Decided April 28, 1995*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) A right to appeal such issues as whether a violation of probation has occurred or the sentence imposed upon entry of judgment was correct will not prevent a finding of a final conviction for immigration purposes under the third prong of the standard set forth in *Matter of Ozkok*, 19 I&N Dec. 546 (BIA 1988), which requires that any further proceedings available to an alien must relate to the issue of "guilt or innocence of the original charge."

(2) After a breach of a condition of an order deferring judgment and sentence under Colorado Revised Statutes § 16-7-403, no further proceedings are available to a defendant to contest his guilt.

(3) Where the period during which the respondent's judgment and sentence were deferred under Colorado law had been completed, any right he may have had to appeal had lapsed and could no longer prevent a finding that his conviction was final.

FOR RESPONDENT: Kenneth H. Stern, Esquire, Denver, Colorado

Before: Board En Banc: SCHMIDT, Chairman; DUNNE, Vice Chairman; VACCA, Board Member; HOLMES, Alternate Board Member. Concurring Opinion: HEILMAN, Board Member.

VACCA, Board Member:

In a decision dated March 14, 1990, the Immigration Judge found the respondent deportable under section 241(a)(11) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(11) (1988),[1] as an alien convicted of a controlled substance violation, and ordered him deported from the United States. The respondent has appealed from that decision. The appeal will be dismissed. The request for oral argument is denied.

---

[1] This section of the Act has been revised and redesignated as section 241(a)(2)(B)(i) of the Act, 8 U.S.C. § 1251(a)(2)(B)(i) (Supp. V 1993), by section 602(a) of the Immigration Act of 1990, Pub. L. No. 101-649, 104 Stat. 4978, 5080, but that amendment does not apply to deportation proceedings for which notice has been provided to the alien before March 1, 1991. *See* section 602(d) of the Immigration Act of 1990, 104 Stat. at 5082.

# I.  BACKGROUND

The respondent is a native and citizen of Mexico who entered the United States in April 1989 as a lawful permanent resident. The record reflects that on October 2, 1989, in the District Court, Moffat County, Colorado, the respondent entered into a stipulation for deferred judgment and sentence, pursuant to which he pled guilty to unlawful possession of a controlled substance, to wit: cocaine.  The respondent was placed on probation for 2 years of the 4-year period during which his sentence was deferred. He was also ordered to pay a victim's compensation fee and court costs, to submit to drug testing and counseling, and to serve 60 days in jail.

At his deportation hearing the respondent argued that the standard for a conviction set forth in *Matter of Ozkok*, 19 I&N Dec. 546 (BIA 1988), was improper for a variety of reasons and should not be applied in his case. The Immigration Judge stated that he was bound by the precedent decisions of the Board of Immigration Appeals and determined that the three-pronged *Ozkok* test for a conviction had been met. The respondent further contended that he did not have a final conviction for immigration purposes because under Colorado law a defendant who has been granted deferred judgment and sentencing retains the right to a direct appeal during the deferral period. The Immigration Judge rejected this argument, finding that the appeal to which the defendant was entitled was only for the purpose of reviewing the revocation of probation, not the question of the defendant's guilt, as required by *Ozkok*. Therefore the Immigration Judge concluded that the respondent's conviction was final and that he was deportable.

# II.  ISSUES PRESENTED

The issues presented in this appeal are: (1) will the Board recede from *Matter of Ozkok, supra,* and (2) under the third prong of *Ozkok*, are further proceedings regarding guilt or innocence available under Colorado's deferred judgment and sentence provisions, Colorado Revised Statutes § 16-7-403.  For the reasons explained below, we conclude that *Ozkok* was correctly decided and that further proceedings regarding guilt or innocence are not available under Colorado law.  We will therefore dismiss the appeal.

# III.  VALIDITY OF MATTER OF OZKOK

In *Matter of Ozkok, supra,* we revised the standard for determining whether a final conviction exists for immigration purposes, addressing two different procedural contexts in which a conviction can be found. First, we held that a person is considered convicted whenever a court has adjudicated him guilty or has entered a formal judgment of guilt. The second part of our analysis, which involves a three-pronged test, is applied *only* when there has been no judgment or adjudication of guilt by the court. *Id.* at 551-52; *see also*

*Wilson v. INS*, 43 F.3d 211 (5th Cir. 1995).  Thus, if adjudication of guilt has been deferred or withheld, we then proceed to determine whether: (1) there has been a finding or plea to establish guilt, (2) the court has imposed some form of punishment, penalty, or restraint of liberty, and (3) further proceedings are available to contest guilt or innocence of the original charge before judgment can be entered following a violation of the terms of the court's order.

*Matter of Ozkok* has received the approval of the judiciary in each circuit where it has been considered.  *See Wilson v. INS, supra; White v. INS,* 17 F.3d 475 (1st Cir. 1994); *Yanez-Popp v. United States INS*, 998 F.2d 231 (4th Cir. 1993); *Molina v. INS,* 981 F.2d 14 (1st Cir. 1992); *Chong v. INS*, 890 F.2d 284 (11th Cir. 1989).  Furthermore, the courts of appeals have generally agreed that a federal standard for conviction is appropriate in immigration proceedings.  *See Paredes-Urrestarazu v. United States INS,* 36 F.3d 801 (9th Cir. 1994); *Yazdchi v. INS*, 878 F.2d 166 (5th Cir.), *cert. denied,* 493 U.S. 978 (1989); *Kolios v. INS,* 532 F.2d 786 (1st Cir.), *cert. denied*, 429 U.S. 884 (1976); *Aguilera-Enriquez v. INS*, 516 F.2d 565 (6th Cir. 1975), *cert. denied*, 423 U.S. 1050 (1976); *Will v. INS*, 447 F.2d 529 (7th Cir. 1971); *cf. Rehman v. INS*, 544 F.2d 71 (2d Cir. 1976) (noting that construction of a term in immigration statutes is an issue of federal law, while holding that state policies to relieve a convicted alien from mandatory disability of deportation could be accorded the same respect as federal leniency policies without undermining enforcement of federal deportation laws).  *See generally Dickerson v. New Banner Institute, Inc.,* 460 U.S. 103 (1983) (holding that the determination whether a conviction exists for purposes of federal gun control laws is a question of federal, not state, law, despite the fact that the predicate offense and its punishment are defined by state law).[2]  Inasmuch as the federal standard enunciated in *Matter of Ozkok* has been upheld as a valid interpretation of the immigration laws and we continue to find it appropriate, we decline to reconsider our decision in that case.

## IV.  "FURTHER PROCEEDINGS" UNDER MATTER OF OZKOK

The respondent claims that he does not have a final conviction pursuant to *Matter of Ozkok, supra,* because under Colorado law he has neither waived nor exhausted his right to a direct appeal during the deferral period following

---

[2] We acknowledge that Congress disagreed with the Supreme Court and amended the gun control law to provide that the definition of conviction incorporates state law.  However, in *Yanez-Popp v. United States INS, supra,* the United States Court of Appeals for the Fourth Circuit concluded that the principles of federalism stated in *Dickerson v. New Banner Institute, Inc., supra*, remain applicable to immigration law.  *See also Wilson v. INS, supra* (agreeing with the Fourth Circuit's analysis); *Molina v. INS, supra,* at 22 (noting that "federal gun control law is not federal immigration law" in discussing the history of *Dickerson* and upholding the application of the *Ozkok* standard for conviction).

his guilty plea. He argues that the Immigration Judge erred in interpreting *Ozkok* to mean that a right to direct appeal will defeat finality only if it relates to the issue of guilt or innocence. Inasmuch as we agree with the Immigration Judge's conclusion regarding the meaning of the term "further proceedings" under the third prong of the *Ozkok* test, we reject the respondent's contention.

In *Matter of Ozkok, supra,* we stated that the third prong of the test for a final conviction is met if the court can enter a judgment of guilt upon the defendant's violation of the conditions of the deferred adjudication, without the availability of "further proceedings regarding the person's guilt or innocence of the original charge." *Id.* at 552. Cognizant of the fact that a conviction must be sufficiently final before it will support a deportation order, we explained our reference to such further proceedings in a footnote, observing that a conviction does not attain sufficient finality for immigration purposes until direct appellate review has been exhausted or waived. *Id.* at 552 n.7. It was thus our intent that the third prong of the *Ozkok* standard would be met if an adjudication of guilt could be entered following a violation of the court's order, unless state law provides the defendant a right to a hearing and/or a direct appeal on the issue of "guilt or innocence of the original charge." Therefore, a right to appeal other issues, such as whether a violation of probation has occurred or whether the sentence imposed upon entry of a judgment was correct, will not prevent a finding of conviction for immigration purposes.

## V. COLORADO LAW

Section 16-7-403 of the Colorado Revised Statutes, under which the respondent's judgment and sentence were deferred, contains no provision for a right to an appeal on the issue of guilt.[3] The respondent argues that under

---

[3] The statute provides as follows:

(1) In any case in which the defendant has entered a plea of guilty, the court accepting the plea has the power, with the written consent of the defendant and his attorney of record and the district attorney, to continue the case for a period not to exceed four years from the date of entry of a plea to a felony or two years from the date of entry of a plea to a misdemeanor, or petty offense, or traffic offense for the purpose of entering judgment and sentence upon such plea of guilty; except that such period may be extended for an additional time up to one hundred eighty days if the failure to pay restitution is the sole condition of supervision which has not been fulfilled, because of inability to pay, and the defendant has shown a future ability to pay. During such time, the court may place the defendant under the supervision of the probation department.

(2) Prior to entry of a plea of guilty to be followed by deferred judgment and sentence, the district attorney, in the course of plea discussion as provided in sections 16-7-301 and 16-7-302, is authorized to enter into a written stipulation, to be signed by the defendant, the defendant's attorney of record, and the district attorney, under which the defendant is obligated to adhere to such stipulation. The conditions imposed in the stipulation shall be similar in all respects to conditions permitted as part of probation. In addition, the stipulation may require the defendant to perform community or charitable work service projects or make donations thereto. Upon full compliance with such conditions by the

Colorado caselaw a defendant who is subject to a deferred judgment has not waived or exhausted his direct appellate rights. However, the cases cited by the respondent relate only to appeals from the revocation of probation. *See People v. Hallman,* 652 P.2d 173 (Colo. 1982) (reviewing appeals from a trial court's order revoking a deferred sentence); *People v. Anderson,* 703 P.2d 650 (Colo. Ct. App. 1985) (stating in dicta that the appeal was dismissed without prejudice to the right to raise issues regarding an alleged violation of the plea agreement in the event a judgment was entered); *People v. Boykin*, 631 P.2d 1149 (Colo. Ct. App. 1981) (holding that an order revoking a deferred sentence may be appealed). The respondent has presented no caselaw establishing a right to appellate review on the issue of guilt or inno-cence of the original charge. We therefore find that after deferral of judgment and sentence under Colorado law, no further proceedings are available to a defendant to contest his guilt.[4]

## VI. LAPSE OF APPEAL RIGHTS

We further find, in any case, that the respondent's claim to have retained appeal rights during the period in which his judgment was deferred is now to

---

defendant, the plea of guilty previously entered shall be withdrawn and the charge upon which the judgment and sentence of the court was deferred shall be dismissed with prejudice. Such stipulation shall specifically provide that, upon a breach by the defendant of any condition regulating the conduct of the defendant, the court shall enter judgment and impose sentence upon such guilty plea. When, as a condition of the deferred sentence, the court orders the defendant to make restitution, evidence of failure to pay the said restitution shall constitute prima facie evidence of a violation. Whether a breach of condition has occurred shall be determined by the court without a jury upon application of the district attorney and upon notice of hearing thereon of not less that five days to the defendant or the defendant's attorney of record. Application for entry of judgment and imposition of sentence may be made by the district attorney at any time within the term of the deferred judgment or within thirty days thereafter. The burden of proof at such hearing shall be by a preponderance of the evidence, and the procedural safeguards required in a revocation of probation hearing shall apply.

(3) When a defendant signs a stipulation by which it is provided that judgment and sentence shall be deferred for a time certain, he thereby waives all rights to a speedy trial, as provided in section 18-1-405, C.R.S.

Colo. Rev. Stats. § 16-7-403 (1988).

[4] We note that section 16-7-403(2) provides no opportunity for a further hearing on the issue of guilt prior to entry of a judgment. The statute specifically states that upon a breach by the defendant of any condition regulating his conduct, the court "shall enter judgment" and impose sentence. *Id.* Colorado caselaw confirms that entry of a judgment is mandatory if a violation of the conditions occurs. *See People v. Wilder,* 687 P.2d 451 (Colo. 1984) (holding that a trial court does not have discretion in revoking a deferred judgment once it finds a violation of the terms of deferral); *People v. Widhalm,* 642 P.2d 498 (Colo. 1982) (stating that upon a judicial determination that a violation occurred, the court must enter a judgment of conviction upon the previously entered guilty plea).

no avail. The record reflects that his 4-year deferral period, which began in 1989, has been completed. Consequently, any right he may have had to take an appeal in his criminal proceedings has lapsed and can no longer prevent a finding that his conviction is final. *See Wilson v. INS, supra.*

## VII.  CONCLUSION

Inasmuch as the respondent has no further proceedings available to contest his guilt, we conclude that he has a final conviction for immigration purposes under *Matter of Ozkok, supra.* Accordingly, the appeal will be dismissed.

**ORDER:**     The appeal is dismissed.

*CONCURRING OPINION:* Michael J. Heilman, Board Member

I respectfully concur.

The respondent states on appeal that he is raising "two separate and distinct issues:  First, finality; and second, a challenge to the *Ozkok* decision." The majority has enlarged upon this simple assertion and transformed this appeal in part into a rather extensive interpretation of Colorado law. In my view, however, one can hardly get into a detailed examination of either Colorado law or *Matter of Ozkok*, l9 I&N Dec. 544 (BIA l988), in the factual context of a case where the respondent has essentially offered no analysis of Colorado law.

All that one can safely say is that the respondent was sentenced under section 16-7-403 of the Colorado Revised Statutes. According to the respondent, "It is well-established under Colorado law that a defendant who has entered into a deferred judgment arrangement" under this provision, who is still under the deferral period, "has not waived or exhausted his direct appellate rights."  The respondent refers us to *People v. Hallman*, 652 P.2d 173 (Colo. l982), *People v. Anderson*, 703 P.2d 650 (Colo. Ct. App. l985), and *People v. Boykin*, 631 P.2d 1149 (Colo. Ct. App. l981), for support for this proposition.

The problem I see with this argument, as the majority properly points out, is that those cases deal only with motions for post-conviction review relating to revocation of deferred sentence, not appeal from the plea of guilty and entry of deferred judgment. Because the respondent has not told us on appeal which provision of Colorado statute section l6-7-403 he is relying on, one can only speculate as to the exact statutory basis for his argument. A guess would be subsection (2) which provides in part that "upon a breach by the defendant of any condition regulating the conduct of the defendant, the court shall enter judgment and impose sentence upon such guilty plea." The cases cited by the respondent relate solely to appeal rights upon this determination that a "breach of condition has occurred." The process by which this occurs is a hearing, at which the burden of proof is by a "preponderance of the

evidence," with the "procedural safeguards required in a revocation of probation hearing" applicable.

The respondent simply does not prove that he has a right of direct appeal from the deferred judgment by citing to a statute and cases that deal solely with procedures relating to violation of stipulated conditions during the deferred sentence period.

As far as one can follow the respondent's argument, it appears to be similar to one recently made and rejected in the Fifth Circuit. There, the argument was summarized as being that "his conviction is not final for deportation purposes because his probation remained subject to modification or revocation and because Texas probationers can appeal the revocation of their probation." *Wilson v. INS*, 43 F.3d 211 (5th Cir. 1995).

For this reason, I would dismiss the appeal.