**The PEOPLE of the State of Colorado, Petitioner–Appellee,**

**In the Interest of J.C.P., Juvenile–Appellant.**

**No. 05CA1955.**

Colorado Court of Appeals, Div. II.

Nov. 16, 2006.

John W. Suthers, Attorney General, Alexander C. Reinhardt, Assistant Attorney General, Denver, Colorado, for Petitioner–Appellee.

Douglas K. Wilson, Colorado State Public Defender, John M. Morrison, Deputy State Public Defender, Denver, Colorado, for Juvenile–Appellant.

Opinion by Judge ROY.

J.C.P., a juvenile, appeals the two-year sentence imposed after he was adjudicated delinquent based on his guilty plea to committing acts that, if committed by an adult, would constitute first degree criminal trespass, a class five felony. The sole issue on appeal is whether the district court erred in adjudicating him a mandatory sentence offender under § 19–2–516(1)(a)(I), (b)(I), C.R.S.2006, because the delinquent act at issue here occurred before his two previous adjudications as a juvenile delinquent. We affirm.

J.C.P. committed the offense on June 1, 2003, and he was adjudicated delinquent for this offense on April 18, 2005. At the sentencing hearing on June 27, 2005, the district court adjudicated him a mandatory sentence offender under § 19–2–516(1)(a)(I), (b)(I), based on his two previous adjudications, on August 26, 2003. The court sentenced him to two years in the Division of Youth Corrections.

J.C.P. then filed a Crim. P. 35(a) motion, in which he argued that the court had misconstrued the mandatory sentence offender statute. The court denied the motion.

When the court is required to interpret statutory provisions, it must attempt to give effect to the intent of the legislature, beginning with the plain language of the statute itself. *Martin v. People,* 27 P.3d 846, 851–52 (Colo.2001); *People in Interest of J.W.T.,* 93 P.3d 580, 581 (Colo.App.2004). "The plain language of the statute is the best indication of legislative intent, and clear and unambiguous language eliminates the need to resort to other principles of statutory construction...." *People v. J.J.H.,* 17 P.3d 159, 162 (Colo.2001).

The mandatory sentence offender statute provides in pertinent part: "A juvenile is a mandatory sentence offender if he or she ... [h]as been adjudicated a juvenile delinquent twice ... and [i]s subsequently adjudicated a juvenile delinquent." Section 19–2–516(1)(a)(I), (b)(I). Once a juvenile has been adjudicated a mandatory sentence offender, the sentencing court is required to place or commit the juvenile out of the home for not less than one year, unless the court determines that an alternative sentence or a shorter out-of-home placement is more appropriate. *See* § 19–2–908(1)(a), C.R.S.2006.

Here, the district court applied the plain language of § 19–2–516(1) in determining that J.C.P. should be adjudicated a mandatory sentence offender. The district court concluded that because the presentence report disclosed his two previous adjudications, the mandatory sentence offender statute applied.

Nevertheless, relying on *People v. Nees,* 200 Colo. 392, 615 P.2d 690 (1980), J.C.P. argues that the mandatory sentence offender statute should be applied in the same manner as the adult habitual criminal statute, which, at the time of *Nees,* provided that every person convicted of any felony "who, within ten years of the date of the commission of the said offense, has been twice previously convicted ... of a felony ... shall be adjudged an habitual criminal." *People v. Nees, supra,* 200 Colo. at 395, 615 P.2d at 692 (quoting former § 16–13–101, now codified with amendments at § 18–1.3–801, C.R.S. 2006). The supreme court stated that this language could be interpreted to mean that a previous conviction could be ten years before or ten years after the commission of the offense subject to habitual criminal penalty enhancement, but rejected that interpretation and held that the prior convictions must have occurred prior thereto.

However, § 19–2–516(1) makes no reference to the date of the commission of the offense underlying the prior adjudications.

It requires only that a juvenile be *adjudicated* delinquent after the entry of two prior delinquency adjudications. *See Auman v. People,* 109 P.3d 647, 656–57 (Colo.2005) (concluding that the legislature's omission of certain exceptions in the language of the felony murder statute should not be construed as unintentional); *Itin v. Ungar,* 17 P.3d 129, 133 (Colo.2000) (where the legislature could have included language in the stolen property statute requiring proof of a criminal conviction, the failure to do so reflected a legislative intent not to impose that requirement).

In addition, our supreme court has refused to compare adult habitual criminal sentencing procedures to juvenile mandatory sentence offender procedures because of the differences inherent in the prosecution of adults and juveniles. They concluded that "[n]either the language of the juvenile sentencing statute nor the stated goals of the Colorado Children's Code support ... reliance on the statutory provisions addressing punishment for adult habitual criminals." *People v. J.J.H., supra,* 17 P.3d at 164; *see also People in Interest of C.R.B.,* 662 P.2d 198, 199 (Colo. App.1983) (rejecting the juvenile's claim that the mandatory sentence offender statutes are analogous to the habitual criminal laws).

Therefore, we reject J.C.P.'s reliance on habitual criminal procedures and policies in interpreting § 19–2–516(1) and conclude that the plain language of the statute supports the district court's finding that he is a mandatory sentence offender.

The sentence is affirmed.

Judge ROTHENBERG and Judge HAWTHORNE concur.