# No. 27000.

## The People of the State of Colorado v. Ronald J. Moore

(562 P.2d 749)

Decided April 11, 1977.                                   Rehearing denied May 2, 1977.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Edward G. Donovan, Solicitor General, James S. Russell, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Lee Belstock, Deputy, William S. Schurman, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE CARRIGAN delivered the opinion of the Court.

The defendant, when twenty-six years old, engaged in a brief but amorous relationship with a fifteen-year-old girl. He promised to take her from Colorado to California, to buy her clothes, and to marry her. She left home with him, informing her parents by a note that she would be gone indefinitely. Authorities apprehended the couple in Las Vegas, Nevada, the following day.

On February 25, 1975, a jury found the defendant guilty of Violation of Custody (section 18-3-304, C.R.S. 1973). Without asking for or obtaining an extension of time to file his motion for a new trial, the defendant filed that motion on March 10, 1975. The motion was heard on its merits, without objection that it was not timely filed, and it was denied.

In their Answer Brief, the People now assert for the first time that this appeal must be dismissed because the defendant's new trial motion was not timely filed, thus depriving this court of jurisdiction to consider the appeal. We hold that the People have waived their timeliness objection, and therefore, we consider the issues raised by the defendant. The defendant contends that section 18-3-304, C.R.S. 1973 is unconstitutional, and he alleges that errors were committed by the trial court. We affirm the conviction.

## I. *Timeliness of the New Trial Motion*

The jury's verdict was filed on February 25, 1975. Pursuant to Crim.P. 33(b) and 45(a), the defendant's motion for a new trial should have been filed on or before March 7, 1975, but was filed three days late. Rule 33(b) provides for extensions of time only if requested before the time for filing has expired. That rule is tempered, however, by Rule 45(b),

which provides:

"When an act is required or allowed to be performed at or within a specified time, the court for cause shown may at any time in its discretion:*** (2) Upon motion, permit the act to be done after expiration of the specified period if the failure to act on time was the result of excusable neglect."

■■■ . The question here is whether the People, by failing to object to the trial court's hearing and deciding the new trial motion, have waived their right to raise the timeliness issue on appeal. The precise issue is one of first impression. Many Colorado opinions have addressed a similar issue in civil cases decided under C.R.C.P. 59(b). These cases have established that a timely new trial motion is mandatory and jurisdictional in a civil case, and that late filing requires dismissing the appeal. *Rueckhaus v. Snow*, 167 Colo. 51, 445 P.2d 577 (1968); *Niles v. Shinkle*, 119 Colo. 458, 204 P.2d 1077 (1949); *SCA Servs., Inc. v. Gerlach*, 37 Colo. App. 20, 543 P.2d 538 (1975); *Austin v. College/University Ins. Co. of America*, 30 Colo.App. 502, 495 P.2d 1162 (1972); *see In re Marriage of Gardella*, 190 Colo. 402, 547 P.2d 928 (1976).

As we have previously noted, however, the considerations governing determination of the effect of time limitations are not necessarily the same in criminal cases as in civil cases. *People v. Chapman*, 192 Colo. 322, 557 P.2d 1211 (1977). While in both situations there is a strong judicial preference for deciding cases on the merits rather than on the basis of time limitations, this consideration is more cogent in criminal cases. In a civil case, where a party's money or property is at risk, his attorney's failure to file a timely motion for a new trial may constitute professional negligence for which the client has a remedy in damages. In a criminal case, however, where the client's life or liberty is at stake, there is no comparable, practical remedy.

A timely motion for new trial is not jurisdictional in the sense that without it the court would lack authority to adjudicate the subject matter. Rather it is a procedural prerequisite intended to assure that the matters appealed have been considered by the trial court. Had the People made a timely objection in the trial court, the defendant might have persuaded the trial judge that there was excusable neglect for the late filing. Here the People's silence deprived the trial court of an opportunity to consider whether there was excusable neglect. Ironically, the People seek to support the objection they raise for the first time on appeal by relying on the rule intended to preclude raising here issues not raised in the trial court. Under these circumstances, however, the People have waived their right to raise this objection on appeal. *See State v. Davis*, 2 Conn. Cir. 257, 197 A.2d 668 (1963).

## II. *Constitutionality of*
## *Section 18-3-304, C.R.S. 1973*

The defendant attacks section 18-3-304, C.R.S. 1973 as so vague and overbroad that it fails to give fair notice of the criminal activity proscribed and therefore denies due process. Insofar as pertinent, the statute provides: "(1) Any person . . . who, knowing that he has no privilege to do so or heedless in that regard, takes or entices any child under the age of eighteen years from the custody of his parents, guardian, or other lawful custodian commits a class 5 felony." Section 18-3-304, C.R.S. 1973.

Nowhere in the defendant's briefs does he state which particular language of the statute he claims to be vague. Nor does he state, even in general terms, in what respect the statute is overbroad.

It is a fundamental and frequently articulated rule that a statute is presumed to be constitutional, and one who attacks it has the burden to prove it unconstitutional beyond a reasonable doubt. *People v. McCauley*, 192 Colo. 545, 561 P.2d 335; *People v. Garcia*, 189 Colo. 347, 541 P.2d 687 (1975); *People v. Gonzales*, 188 Colo. 272, 534 P.2d 626 (1975); *People v. District Court*, 185 Colo. 78, 521 P.2d 1254 (1974); *People v. Sneed*, 183 Colo. 96, 514 P.2d 776 (1973); *Howe v. People*, 178 Colo. 248, 496 P.2d 1040 (1972). The defendant has failed to carry his burden. As we said in *People v. McCauley, supra*, concerning a vagueness argument, "courts should not seek to discover means to hold a statute unconstitutional."

## III. *Cross-Examination*

The defendant contends that the trial court erred in ruling that he could not cross-examine the victim's father with respect to the nature of punishment the father had previously administered to his other children and with respect to a prior misdemeanor assault conviction. Apparently the defendant hoped to use this testimony to show that it was necessary to remove the victim from her home in order to preserve her from danger and thus establish an affirmative defense. *See* section 18-3-304(3), C.R.S. 1973.

A trial court has broad discretion in defining the scope of cross-examination, and, absent abuse of that discretion, its rulings will not be disturbed on appeal. *People v. Fresquez*, 186 Colo. 146, 526 P.2d 146 (1974); *People v. Chavez*, 182 Colo. 216, 511 P.2d 883 (1973). Here there was no abuse of discretion. The trial court allowed testimony concerning how the victim was punished by her father. His treatment of her siblings was not in issue.

Evidence regarding the father's prior misdemeanor conviction was not offered to impeach him, but to show his propensity toward violence. The trial court did not abuse its discretion in ruling that this evidence concerning a collateral matter was inadmissible. Full examination and cross-examination regarding how the victim felt about her father and how she

was treated by him were allowed.

IV. *Sufficiency of the Evidence*

As his final contention, the defendant argues that the evidence was insufficient to sustain his conviction. Having reviewed the record carefully, we conclude that the conviction is adequately supported by the evidence.

The judgment is affirmed.

MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE KELLEY do not participate.