**The PEOPLE of the State of Colorado, Plaintiff–Appellant,**

**v.**

**Mark GALLEGOS, Defendant–Appellee.**

**No. 87SA171.**

Supreme Court of Colorado, En Banc.

Nov. 14, 1988.

Roger B. Larsen, Dist. Atty., Edward Rodgers, Deputy Dist. Atty., Canon City, Steven B. Rich, Chief Deputy Dist. Atty., Fairplay, for plaintiff-appellant.

David F. Vela, State Public Defender, Jaydee K. Bachman, Deputy State Public Defender, Denver, for defendant-appellee.

ROVIRA, Justice.

■ The question presented by the People's appeal is whether section 18–1–105(9)(a)(V), 8B C.R.S. (1986), requires sentencing beyond the presumptive range when a defendant is convicted of possession of contraband while in a correctional institution. We conclude that the People's failure to object at the sentencing hearing to the imposition of a sentence within the presumptive range or to request the trial court, pursuant to Crim.P. 35(a), to correct

the sentence, prevents us from reaching the merits of the case on appeal.

The defendant-appellee, Mark Gallegos, was an inmate at the Fremont Corrections Facility in Canon City when he was charged with possession of contraband, in violation of section 18–8–204.1, 8B C.R.S. (1986), a class 5 felony. The defendant was found guilty and subsequently sentenced on April 17, 1987. The presentence report recommended a sentence of two years, a term within the presumptive range for a class 5 felony. The People concurred in that recommendation. The trial court then sentenced the defendant to a term of eighteen months to the department of corrections to run consecutively to his present sentence. The eighteen-month sentence is also within the presumptive range for a class 5 felony. § 18–1–105(1)(a)(IV), 8B C.R.S. (1986).

Initially the defendant contends that the People's failure to object at the sentencing hearing to the imposition of a sentence within the presumptive range, or to move under Crim.P. 35(a) to have the sentence corrected, precludes appellate review of that sentence.

 It is a basic principle of appellate procedure that unless the trial court has been given an opportunity to correct an alleged error, it will not be considered on review unless it involves a plain error which deprives a litigant of fundamental rights.

In this case, the People had two alternatives: either contemporaneously object at the sentencing hearing and appeal pursuant to section 16–12–102(1), 8A C.R.S. (1986),[1] or, failing that, request the trial court, pursuant to Crim.P. 35(a), to correct an illegal sentence.[2] Because neither of these options was taken, we decline to consider the merits of the People's appeal.

Accordingly, we remand to the district court for further proceedings consistent with this opinion.

1. Section 16–12–102(1), 8A C.R.S. (1986), provides that "[t]he prosecution may appeal any decision of the trial court in a criminal case upon any question of law."

2. Crim.P. 35(a) states that "[t]he court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence."