The PEOPLE of the State of Colorado, Plaintiff–Appellant,

v.

Matthew Todd SCHWEER, Defendant–Appellee.

The PEOPLE of the State of Colorado, Plaintiff–Appellant,

v.

Michael J. JONES, Defendant–Appellee.

Nos. 88SA155, 88SA156.

Supreme Court of Colorado, En Banc.

June 26, 1989.

Roger B. Larsen, Dist. Atty., Steven B. Rich, Chief Deputy Dist. Atty., Fairplay, for plaintiff-appellant.

David F. Vela, State Public Defender, Robin Desmond, Deputy State Public Defender, Denver, for defendant-appellee.

ROVIRA, Justice.

In these appeals,[1] the People[2] challenge the trial court's failure to revoke the defendants' deferred judgments upon a finding that certain conditions of the deferred judgments had been violated. We conclude that the People's failure to object to the trial court's actions prevents us from reaching the merits of these cases on appeal, and we therefore affirm.

In *People v. Schweer*, No. 88SA155, the defendant Schweer was charged with one count of criminal trespass, a felony, and a second count of misdemeanor menacing. Upon a plea of guilty, Schweer was sentenced to six months' probation on the misdemeanor charge, and was granted a deferred judgment and sentence for one year on the felony charge. The deferred judgment was based on Schweer's agreement to abide by the terms and conditions imposed in a stipulation signed by the district attorney and Schweer, and approved by the court. Subsequently, a request for revocation of the deferred sentence was filed by Schweer's probation officer and the district attorney. After a hearing, the trial court found that Schweer violated the conditions of the stipulation, but declined to revoke the deferred judgment. Rather, the court

---

1. Because the facts in these cases are similar, and the question of law in each case is identical, we have elected to consolidate these cases.

   At the time that these appeals were filed, C.A.R. 4(b)(2) provided that an appeal by the People in a criminal case should be filed directly in the supreme court. As of August 1, 1988, such appeals must be filed in the court of appeals.

2. Section 16–12–102, 8A C.R.S. (1986), authorizes the prosecution to appeal any decision of the trial court in a criminal case upon any question of law.

continued the deferred judgment and imposed a ten-day jail sentence as an additional condition.

In *People v. Jones*, No. 88SA156, the defendant Jones was granted a deferred judgment and sentence for a period of two years. Jones signed a stipulation which imposed several conditions, including the payment of court costs and reporting monthly to the probation department. Subsequently, a request for revocation of the deferred judgment was filed, and a hearing was held. The court found that Jones had violated the conditions of the stipulation by failing to pay the imposed costs and not reporting to his probation officer, but declined to revoke the deferred judgment. Rather, the court continued the deferred judgment and sentenced Jones to five days in jail as an additional condition.

The People contend that the trial court erred, in each case, in its failure to revoke the deferred judgment upon finding a violation of the terms and conditions of the stipulation. In support of this contention, the People cite *People v. Widhalm*, 642 P.2d 498 (Colo.1982), and *People v. Wilder*, 687 P.2d 451 (Colo.1984), in which we held that a trial court does not have discretion in revoking a deferred judgment once it finds that the defendant has violated the terms and conditions of his deferred judgment and sentence.

However, we are precluded from addressing the merits of this issue because the People failed to object to the trial court's actions in each case. In *People v. Gallegos*, 764 P.2d 76 (Colo.1988), we held that the People's failure to contemporaneously object at the sentencing hearing precluded a review of the sentence on its merits. An objection is required to afford the trial court the opportunity to correct an alleged error. *See People v. Moore*, 193 Colo. 81, 562 P.2d 749 (1977). If such error is not brought to the trial court's attention, the general rule is that it will not be considered on review. *See People v. Gallegos*, 764 P.2d 76; *People v. Sporleder*, 666 P.2d 135 (Colo.1983); *Moore*, 193 Colo. 81, 562 P.2d 749.

Here, the People failed to interpose any objection to the trial court's decision in either case. Had the People objected and brought our recent decisions to the trial court's attention, the court may well have arrived at a different conclusion. Because the People failed to alert the trial court to the potential error, we decline to consider the merits of the People's appeals.

Accordingly, we affirm the orders of the district court.