The **PEOPLE** of the State of Colorado, Plaintiff–Appellee,

v.

Robert Daniel **CAMPBELL,** Defendant–Appellant.

No. 02CA0132.

Colorado Court of Appeals, Div. V.

May 22, 2003.

As Modified on Denial of Rehearing July 17, 2003.

Ken Salazar, Attorney General, Jennifer Marylee Smith, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Suzan Trinh Almony, Broomfield, Colorado, for Defendant–Appellant.

Opinion by Judge TAUBMAN.

Defendant, Robert Daniel Campbell, appeals the order denying his motion to reconsider his sentence filed pursuant to § 17–27.7–104, C.R.S.2002. We reverse and remand with directions.

In exchange for the dismissal of four other pending counts, defendant pleaded guilty to one count of sexual assault on a child, § 18–3–405, C.R.S.2002, arising out of a sexual relationship he had with a thirteen-year-old girl. Defendant was sentenced to six years of probation.

Thereafter, defendant pleaded guilty to violating probation, and the court resentenced him to seven years in the Department of Corrections (DOC).

Defendant then filed a motion for reconsideration, pursuant to Crim. P. 35(b), which was denied by the sentencing court on the basis that the sentence was appropriate in light of the updated presentence report and defendant's behavior while on probation.

In the meantime, defendant was admitted into the DOC Regimented Inmate Training Program, otherwise known as "boot camp." After he successfully completed the program, the DOC referred defendant to the sentencing court for reconsideration of his sentence pursuant to § 17–27.7–104(2)(a), C.R.S.2002. The DOC recommended a three-year reduction in sentence. Although defendant did not file a formal motion seeking a sentence reduction at this time, the sentencing court summarily denied this "request" on the basis that defendant's previous motion for reconsideration had already been denied.

Thereafter, approximately ten months after having completed boot camp, defendant, acting pro se, filed a "Motion for Reconsideration After Completion of Boot Camp Pursuant to § 17–27.7–104(2)." Upon the court's order, the prosecution responded to the motion. The sentencing court again summarily

denied the motion "for the reasons stated" in the response. Those reasons were that: (1) the court previously denied defendant's request for sentence reconsideration; (2) although he did well in boot camp, his lack of progress in sex offender treatment meant he was still a public safety danger; (3) defendant could not be sentenced to less than five years because he had been convicted of a crime of violence; and (4) his original sentence appropriately provided transition back into the community.

## I.

The People argue that the trial court did not have jurisdiction to consider defendant's motion because it was untimely. We remand for findings on this issue, including, specifically, for a determination on defendant's claim of excusable neglect.

■ The failure to file a Crim. P. 35(b) motion with the trial court within 120 days after the sentence is imposed is jurisdictional. *Swainson v. People*, 712 P.2d 479 (Colo. 1986). Thus, although the People did not challenge the timeliness of defendant's motion in the trial court, the jurisdictional challenge may be raised at any time. *See People v. Verbrugge*, 998 P.2d 43 (Colo.App.1999).

Section 17–27.7–104(2)(a) provides that when an offender successfully completes a boot camp program he or she "shall automatically be referred [within sixty days] to the sentencing court so that the offender may make a motion for reduction of sentence pursuant to [Crim. P. 35(b) ]." *See also Keller v. People*, 29 P.3d 290 (Colo.2000). Crim. P. 35(b) allows a defendant to request the court reconsider his or her sentence if such a request is made within 120 days after sentence is imposed or within 120 days after the determination of any appeal.

Because Crim. P. 35(b) provides a 120–day time limitation and § 17–27.7–104 requires that an offender complete boot camp before the DOC may refer him or her for resentencing, the People argue that defendant was required to file his motion within 120 days of the date of completion of his boot camp. We agree.

■ The People acknowledge that § 17–27.7–104 does not contain a statute of limitations. However, because it provides that a motion to reduce sentence must be brought pursuant to Crim. P. 35(b), we conclude that a defendant must bring such a motion within 120 days after the successful completion of a boot camp program. *See People v. Morales–Uresti*, 934 P.2d 856 (Colo.App.1996)(§ 17–27.7–104 expressly incorporates the provisions of Crim. P. 35(b) as the framework for considering sentence reduction for any participant in the boot camp program).

In reaching this conclusion, we acknowledge defendant's argument that *Keller v. People, supra*, warrants a different result. In *Keller*, the supreme court stated:

Although section 17–27.7–104(2)(a) references Crim. P. 35(b), our examination of this procedural rule convinces us that the process provided for under section 17–27.7–104(2) is different, both in kind and substance, from that which typically accompanies a Crim. P. 35(b) application for reduction in sentence. Notably absent from the operative provisions of the boot camp statute are the rigid time limitations set forth under Crim. P. 35(b).

*Keller v. People, supra*, 29 P.3d at 293 (footnote omitted). In so stating, the supreme court interpreted the first sentence of § 17–27.7–104(2)(a), which provides for automatic referral to the sentencing court within sixty days after termination or completion of boot camp. The supreme court held that a defendant was not required to file a motion pursuant to the statute within sixty days after completion of boot camp. However, the *Keller* court did not address whether the 120–day time limit contained in Crim. P. 35(b) applies here.

■ We conclude that it does, but that nevertheless, pursuant to *Swainson v. People, supra*, defendant must be afforded an opportunity to demonstrate excusable neglect based upon alleged ineffective assistance of his trial counsel.

Here, the DOC filed its "final submitted report" recommending a three-year sentence reduction on December 17, 1999. That report indicated that defendant would complete the boot camp program on December 30,

1999. The sentencing court then summarily denied the referral recommendation on January 10, 2000.

The record indicates that defendant's motion at issue here was filed on October 25, 2001, more than 120 days after defendant completed boot camp.

In his motion, defendant conceded that it was out of time, but he further alleged facts raising excusable neglect based on ineffective assistance of counsel. Defendant asserted that his counsel incorrectly informed him by letter that because the sentencing court had already denied his previous motion for reconsideration, "there isn't anything at this point that we can do about it."

Because the People did not raise the timeliness issue in the trial court, the sentencing court did not consider the timeliness of defendant's motion, including his claim that the untimeliness of his motion was attributable to excusable neglect based upon the incorrect information he had received from his trial counsel.

Although the People now assert that the erroneous information provided by defendant's counsel did not amount to excusable neglect because defendant subsequently became aware of the time limitation, the record does not reflect when defendant learned of the applicable time limits. The record contains correspondence from defendant to the trial court subsequent to his receipt of the letter from his trial counsel, but that correspondence does not reflect any awareness of the time limits contained in § 17-27.7-104 or of *Keller v. People, supra.* Further, in his reply brief, defendant asserts that he was not aware of the statutory provisions until shortly before he filed the pro se motion at issue here.

Because the issue of whether defendant's delay in filing his motion was caused by excusable neglect is a question of fact, we must remand this matter to be resolved by the trial court. See *Swainson v. People, supra; People v. Vigil,* 955 P.2d 589 (Colo. App.1997).

Accordingly, on remand we direct the sentencing court to rule on the timeliness of defendant's motion, including his claim of excusable neglect.

## II.

In the interest of judicial economy, we consider defendant's primary contention on appeal that the sentencing court erroneously denied his motion because none of the reasons set forth in the prosecution's response supports the denial. We conclude that the record is insufficient to determine whether the sentencing court adequately reviewed defendant's motion.

Section 17-27.7-104(2)(b), C.R.S.2002, mandates that: "The court may not summarily deny the offender's motion without a complete consideration of all pertinent information provided by the offender, the offender's attorney, and the district attorney."

■ "The process for reviewing postconviction motions submitted in accordance with § 17-27.7-104(2)(a) is ... more extensive than the process provided for under Crim. P. 35(b)...." *Keller v. People, supra,* 29 P.3d at 294. Sentencing courts are to give "special consideration" to requests for a reduction in sentence made pursuant to § 17-27.7-104. *Keller v. People, supra.*

■ Here, the summary order in the record does not reflect that the sentencing court gave "complete consideration" to the pertinent information provided by defendant as required by § 17-27.7-104(2)(a). The People concede that one of the reasons set forth in their motion and relied on by the court—that defendant was convicted of a crime of violence and thus had to serve at least five years—is inaccurate.

Further, the People argued that defendant's motion should be denied because his original Crim. P. 35(b) motion had been denied. However, reliance on this factor misapprehends the statutory purpose of § 17-27.7-104 to give "special consideration" to requests for sentence reduction to those who have successfully completed boot camp. Given that the DOC recommended a three-year reduction in defendant's sentence after his successful completion of boot camp, it was incumbent on the trial court to address this recommendation specifically. While the trial

**1155**

court was not required to follow this recommendation, it was required to explain why it chose not to do so.

As a result, we reverse the order denying defendant's motion, and on remand, if the trial court finds excusable neglect, we direct the court to make sufficient findings as to the basis of its ruling on the motion as required by § 17–27.7–104(2)(b) and *Keller v. People,* *supra.*

Additionally, we direct the court to address defendant's contention that he is entitled to the appointment of counsel.

The order is reversed, and the case is remanded for further proceedings as directed.

Judge CASEBOLT and Judge NIETO, concur.