David HERR, Petitioner

v.

The PEOPLE of the State of
Colorado, Respondent.

No. 08SC5.

Supreme Court of Colorado,
En Banc.

Dec. 15, 2008.

Douglas K. Wilson, Colorado State Public Defender, Todd E. Mair, Deputy State Public Defender, Denver, Colorado, Attorneys for Petitioner.

Scott W. Storey, District Attorney, Donna Skinner Reed, Chief Appellate Deputy District Attorney, Golden, Colorado, Attorneys for Respondent.

Justice MARTINEZ delivered the Opinion of the Court.

## I. Introduction

In 2004, David Andrew Herr pleaded guilty to a variety of offenses. He was sentenced to eight years in prison, and was recommended for the Regimented Inmate Training Program ("boot camp"), upon completion of which he would be eligible for a reduction in sentence. After it became clear Herr was not eligible for the boot camp program, he filed a Crim. P. 35(b) motion seeking immediate reconsideration of his sentence or, in the alternative, a reasonable delay so he could accumulate a positive record at the Department of Corrections ("DOC"). The trial court granted the alternative request for delay. After Herr requested a hearing on the motion, the trial court reduced Herr's sentence to five years. On appeal, the court of appeals held the trial court's delay in considering the 35(b) motion was unreasonable, and reversed. *People v. Herr*, No. 06CA0777, slip op. at 8, 2007 WL 4125803 (Colo.App. Nov.21, 2007) (not published pursuant to C.A.R. 35(f) ).

We granted certiorari and we now reverse the judgment of the court of appeals. We reaffirm our previous holdings that set forth a two-step reasonableness analysis for evaluating a trial court's jurisdiction to rule on a timely filed 35(b) motion. First, we evaluate whether the trial court ruled on the motion within a reasonable time. Second, if the court did not rule on the motion within a reasonable time, we consider whether the defendant made reasonable efforts to secure a ruling on his motion. A defendant abandons his 35(b) motion when the court does not rule on the motion within a reasonable time and the defendant does not make reasonable efforts to secure a timely ruling. Under the facts of this case, we hold the trial court did not rule on the motion within a reasonable time. However, the defendant made reasonable efforts to secure a timely ruling on his motion, and thus, he did not abandon the motion.

## II. Facts and Procedural History

In 2004, David Herr faced a variety of charges in two separate criminal cases before the same judge in Jefferson County District Court. In the first case, Herr pleaded guilty to distribution of a Schedule II controlled substance and contributing to the delinquency of a minor. He was sentenced to five years for each count, to be served concurrently. In the second case, Herr pleaded guilty to charges of vehicular eluding, theft, and third degree assault. He was sentenced to concurrent terms of three years, six months, and two years, respectively. The trial court ordered Herr to serve the sentences for both cases consecutively, resulting in an aggregated sentence of eight years.

In adopting this sentence on September 28, 2004, the trial court recommended Herr participate in the boot camp program established by sections 17–21.7–102, –104, C.R.S. (2008). The trial court stated Herr would be eligible for a reconsideration of his sentence upon his successful completion of the program. In a later document, the trial court judge explained the imposition of the eight-year sentence "was in part designed to give him incentive" to complete boot camp.

However, after sentencing, it was discovered that Herr was not eligible for the boot camp program. As a result, Herr enrolled in alternative treatment and therapy programs.

On January 27, 2005, well within the applicable 120 day window, Herr filed a Crim. P. 35(b) motion seeking reconsideration of his

sentence. In that motion, Herr requested the court immediately reduce his sentence, or, in the alternative, grant a reasonable delay in order to afford him an opportunity to show the court evidence of his good record in treatment classes and in the DOC.

On March 1, 2005, the trial court issued an order stating it would delay ruling on Herr's motion. The court indicated it would wait to rule on the motion until Herr filed an additional motion seeking review. The People did not object to Herr's motion or to the court order granting the alternative request for a reasonable delay.

Herr filed a motion seeking a ruling on his 35(b) request on September 23, 2005. In that motion, Herr catalogued his achievements and progress in the DOC and again requested reconsideration of his sentence. The court held a hearing on this motion on March 3, 2006. In a March 6, 2006 ruling, the trial court reiterated its original intent to have Herr complete the boot camp program, while acknowledging that the program was unavailable to Herr, through no fault of his own. The trial court noted Herr's satisfactory record in the DOC and determined "further long-term incarceration of Mr. Herr would have only minimal benefit to him, to the victims of this case, and to society at large." As a result, the trial court ordered Herr's two sentences be served concurrently, thus reducing his aggregate sentence to five years.

The People appealed, arguing the trial court improperly entertained Herr's 35(b) motion and granted a delay for the consideration of that motion for the sole and improper purpose of compiling a favorable DOC record, in conflict with this court's holding in *Mamula v. People*, 847 P.2d 1135 (Colo.1993). The court of appeals reversed, holding the delay was unreasonably long and served the solitary improper purpose of allowing the defendant an opportunity to create a favorable rehabilitation record at the DOC. Herr appealed and this court granted certiorari in

order to determine (1) whether the prosecution waived any objection to the delay, and (2) whether the defendant abandoned his Crim. P. 35(b) motion.[1]

### III. Analysis

This case hinges on whether the trial court had proper jurisdiction to rule on Herr's 35(b) motion. In the context of 35(b) motions, we evaluate jurisdiction by considering whether the defendant pursued or abandoned his motion. The court of appeals held the trial court lacked jurisdiction to rule on the motion because it engaged in unreasonable delay and Herr did not seek a timely ruling. Herr contends his motion was not abandoned, and thus the court retained proper jurisdiction. We find the issue of the 35(b) ruling properly before this court, regardless of the People's failure to object when the delay was undertaken, and hold the trial court maintained jurisdiction over the case when it granted a reduction in Herr's sentence pursuant to Crim. P. 35(b).

### A.

■ A party is generally precluded from raising an issue on appeal if he failed to object at trial. *People v. Schweer,* 775 P.2d 582, 583 (Colo.1989); *see also People v. Moore,* 193 Colo. 81, 562 P.2d 749, 751 (1977) (finding a failure to object deprives the trial court of an opportunity to consider the merits of the dispute, and thus the silent party should be precluded from raising the issue on appeal). However, a challenge to a court's subject matter jurisdiction is not waivable, and may be raised for the first time on appeal. *Kirbens v. Martinez,* 742 P.2d 330, 334 n. 8 (Colo.1987).

■ The standards set forth in Crim. P. 35(b) are jurisdictional in nature. The rule vests a trial court with authority to reduce a criminal defendant's sentence if an appropri-

---

1. In our grant of certiorari, the issues were framed as follows:

(1) whether the prosecution, by failing to object to a district court's decision to delay for a prescribed period of time the resolution of a Crim. P. 35(b) motion, waives later objection that the delay was unreasonable, and (2) whether a defendant abandons a Crim. P. 35(b) motion by relying on an order of the district court creating what the court deems a reasonable delay in deciding the motion.

ate motion is filed within 120 days after the sentence is imposed.

This court first considered the jurisdictional limitations of rule 35(b) in *People v. Fuqua,* 764 P.2d 56 (Colo.1988). In that case, a defendant timely filed a 35(b) motion, but the trial court did not consider that motion until after the 120 day window elapsed. We recognized rule 35(b) "suspend[s] the finality of the original sentence" for 120 days for the limited purpose of reconsidering the sentence, prompted by either the defendant or the trial court itself. *Id.* at 59.

Therefore, as a practical matter, a challenge to the timeliness of a 35(b) motion or ruling calls into question a trial court's continued subject matter jurisdiction over a given case. *See People v. Campbell,* 75 P.3d 1151, 1153 (Colo.App.2003). As such, the People's failure to object to the trial court's order granting delay does not preclude us from reviewing the trial court's jurisdiction to consider Herr's 35(b) motion, because imperfect subject matter jurisdiction cannot be waived by a party's silence.

### B.

In order to determine whether a trial court enjoys proper jurisdiction to evaluate a timely filed 35(b) motion, we use a two-step analysis. We first consider whether the court ruled on the 35(b) motion within a reasonable time. *Fuqua,* 764 P.2d at 60. If we find the court did not rule within a reasonable time, we then consider whether the defendant abandoned his motion. *Id.* at 61. If a defendant does not undertake reasonable efforts to secure a ruling in the face of a trial court's excessive delay, the motion is deemed abandoned. *Id.* at 58.

### 1.

We developed this two-step test in two decisions where we examined the jurisdictional ramifications of 35(b) motions, *People v. Fuqua* and *Mamula v. People.* In *Fuqua,* we considered a timely filed 35(b) motion which the court did not review until after the filing deadline. 764 P.2d at 58. We held a court has jurisdiction to rule on a 35(b) motion within a "reasonable time" after the expiration of the 120 day filing window. *Id.* at 59. We also set forth the framework in which 35(b) jurisdiction is analyzed, which centers on a determination of "abandonment." We held that if a trial court fails to rule on a 35(b) motion within a reasonable time *and* the defendant does not adequately pursue that motion, the motion is abandoned and jurisdiction will be lost. *See id.* at 58. In order to prevent abandonment, a defendant must take reasonable efforts to secure a ruling on his motion.

We applied this analysis in *Mamula,* where the defendant timely filed a 35(b) motion, but sought a delay in the court's ruling in order to build a positive record at DOC and increase the likelihood of the motion's success. 847 P.2d at 1136. The defendant did not request a ruling on his motion until 532 days after it was filed. *Id.* Considering the first *Fuqua* factor, we held the trial court failed to rule on the defendant's motion within a reasonable time. *Id.* at 1138 ("The reasonable time contemplated by rule 35(b) is only that time reasonably necessary to decide the issue presented."). Turning to the second factor, we held the defendant did abandon his motion by failing to "'take reasonable efforts to secure an expeditious ruling on the motion.'" *Id.* (quoting *Fuqua,* 764 P.2d at 58). In evaluating the circumstances of that particular case, we noted that "a 'reasonable time' and 'reasonable efforts' will vary with the circumstances of each individual case." *Id.* at 1137.

While we have not been asked to overturn this existing precedent, we feel obliged to address the somewhat fluid nature of our approach to 35(b) motions. Because subject matter jurisdiction may be thought of as a distinct demarcation, it may appear unusual to evaluate a court's jurisdiction as a question of the reasonableness of the court's delay and of the defendant's efforts to secure a ruling. However, in the 35(b) context, this approach is sensible. Our evaluation of jurisdiction consists of two steps. First, we evaluate whether the court ruled on the motion within a reasonable time. In allowing this limited extension of time, we attempt to accommodate the very real pressures faced by trial courts. In an effort to ensure

thoughtful rulings, we seek to allow courts a reasonable period to consider and respond to a timely filed motion. Only when the court somehow abuses this reasonable extension do we turn to the second factor, which evaluates whether a defendant made reasonable efforts to pursue a ruling on his motion or if, by contrast, he abandoned the motion. In so doing, we are unwilling to hold a defendant solely accountable for the mistakes of a trial court. Instead, we consider all of the circumstances and determine whether the defendant made reasonable efforts to secure a ruling on his motion.

Therefore, our two-step analysis strikes the appropriate balance between finality of judgments and fair treatment of defendants. While demarcation is important in evaluating jurisdiction in many instances, jurisdiction for purposes of 35(b) is more of a process, requiring the consideration of a variety of factors in a particular context.[2]

We now turn to the facts of this case, and apply this two-step analysis.

### 2.

■ First, we consider whether the trial court ruled on Herr's 35(b) motion within a reasonable time. What constitutes a reasonable period of time necessarily "var[ies] with the circumstances of the case." *Mamula,* 847 P.2d at 1137. However, "the extension of the sentencing court's jurisdiction to rule on a motion beyond the 120–day period is not interminable." *Fuqua,* 764 P.2d at 61. Generally, a reasonable time is only that necessary for a court to decide the issues presented in the motion. *Mamula,* 847 P.2d at 1138. "No period of time can be reasonable where its purpose is contrary to the purposes and interests" served by rule 35(b). *Id.* at 1137. The clearest example of delay with an improper purpose is that undertaken solely to

allow the defendant an opportunity to compile a favorable DOC record. *Id.* at 1138 ("reasonable delay" is that which is "necessary to decide the issue presented by the motion," and not "'a license to wait and reevaluate the sentencing decision in the light of subsequent developments'" (quoting *Diggs v. U.S.,* 740 F.2d 239, 246–47 (3d Cir. 1984)).

■ We agree with the court of appeals that the trial court failed to rule on Herr's 35(b) motion within a reasonable time by allowing Herr time to compile a DOC record in an attempt to replicate the sentence review procedure available to boot camp graduates. The factual circumstances surrounding the trial court's decision belie the fundamental unreasonableness of the delay. First, the trial court granted the delay in response to Herr's motion requesting an alternative of delay in order to show the court progress in Herr's DOC therapy and classes. Second, the trial court's order granted up to one year of delay, a period seemingly unconnected to any workload or scheduling considerations of the court. Finally, and perhaps most concerning, at the hearing on the motion, the court stated, "I think it's the practice of this district sometimes to allow up to a year before the motion is actually heard," indicating judges routinely grant excessive delay for the purpose of allowing offenders to accumulate favorable DOC records. Hr'g Tr. 4, Mar. 3, 2006.

■ This is exactly the type of delay we held to be unreasonable in *Mamula,* and we again reject it here. A sentencing court's jurisdiction is extended only for the time necessary for it to deal with the practicalities of assessing and ruling on a 35(b) motion. Other reasons for delay, such as allowing time for defendant to build a DOC record,

---

2. In fact, even beyond our consideration of reasonableness or abandonment, there is evidence 35(b) jurisdiction has some inherent flexibility. First, the 120 day filing window is a judicial creation, rather than a strict constitutional requirement. Second, other factors may alter the 120 day window, such as successful completion of a boot camp program, or a defendant's timely filed appeal. Third, the legislative and executive branches of government have not expressed concern over the 120 day filing period or the scope of a trial court's jurisdiction to rule on a 35(b) motion. Moreover, the legislative and executive branches have expressed support for a trial court's consideration of a positive DOC record when ruling on a 35(b) motion through passage of the boot camp statute, which contemplates a trial court's consideration of that record when ruling on a 35(b) motion filed by an offender who has successfully completed the program. § 17–27.7–104, C.R.S. (2008).

are inherently unreasonable.[3] To the extent courts grant delay for improper purposes, particularly where such delay is considered routine, we expressly disapprove.

### 3.

Having determined the trial court did not rule on Herr's motion within a reasonable time, we consider whether Herr took reasonable efforts to secure a ruling on his motion in order to determine whether the motion was abandoned. *Mamula*, 847 P.2d at 1137. What constitutes a reasonable effort by the defendant is dependent on the unique circumstances of the case. *Id.* Under these circumstances, we find Herr made sufficiently reasonable efforts to preserve his 35(b) motion.

We must examine the context of Herr's request for 35(b) review. In his initial motion, Herr requested immediate review of his sentence, or, as an alternative, sought delay to build a favorable DOC record. As previously discussed, we unequivocally disapprove of delay for the sole purpose of building a record. Nonetheless, Herr's primary request of the court was for immediate review of his sentence, and that fact makes it difficult to conclude that Herr abandoned his motion. Additionally, the court effectively denied the motion for an immediate ruling and, instead, granted up to a year of delay. We must therefore examine the reasonableness of Herr's efforts within the context of an existing order from the trial court, purporting to grant reasonable delay.

The court of appeals reasoned Herr had a responsibility to draw attention to the trial court's error or to reject it outright. This logic places an untenable burden on defendants and contradicts our established two-part analysis. The trial court sentenced Herr to a lengthy eight year sentence for the purpose of providing him incentive to participate in and complete the boot camp program. When it became clear Herr was ineligible for boot camp, the trial court granted delay, albeit delay we have subsequently deemed unreasonable, to allow Herr an opportunity to show the court he had initiative that was in some way comparable to a successful stint in boot camp. Under the court of appeals' reasoning, Herr bears the heavy burden of second-guessing the trial court and, in essence, refusing to undertake the types of activities sought by the court. By contrast, we believe Herr acted reasonably when he requested immediate review but offered the court the alternative of delay to demonstrate his treatment record, and when he accepted and obeyed the order of the trial court. The trial court ruling, however erroneous, helps to contextualize our understanding of what constitutes a "reasonable effort" under these circumstances.

Set against this backdrop, we find Herr made two distinct efforts to obtain review, and these efforts were sufficient to preclude abandonment. First, Herr requested immediate reconsideration of his sentence. In this sense, Herr's actions differ starkly from the defendant in *Mamula*, who "intentionally requested the court *not* rule on his motion until he could present evidence of rehabilitation," a fact that weighed heavily on our finding of abandonment. *Id.* at 1138. By contrast, Herr not only requested a ruling, but an immediate ruling. A defendant's request for immediate consideration of his 35(b) motion does not constitute an "absence of any reasonable effort by the defendant to obtain an expeditious ruling," simply because he also offers, as an alternative to an immediate ruling, a period of delay the court deems reasonable. *Fuqua*, 764 P.2d at 61.

Herr's second effort to pursue his 35(b) motion was his timely filing of a motion for review after the delay was granted. The trial court granted Herr one year of delay, running from his date of sentencing on September 28, 2004. On September 23, 2005, he filed his motion for review, within the allotted time. Again, in the context of the trial

---

3. We note that the boot camp statute, section 17–27.7, C.R.S. (2008), does not change this analysis. Upon completion of a boot camp program, an offender is automatically referred to the sentencing court so he may make a 35(b) motion. § 17–27.7–104, C.R.S. (2008). The boot camp statute essentially extends the judicially created 120–day window for filing a 35(b) motion. It does nothing to change the "reasonable delay" analysis when a court rules upon that motion.

court's order, we find this constitutes a reasonable effort in pursuance of Herr's motion.

 Under these circumstances, Herr made reasonable efforts to secure a ruling on his 35(b) motion. Therefore, despite the trial court's unreasonable delay, Herr did not abandon his motion, and the reduction in sentence should stand. *See Fuqua,* 764 P.2d at 58 (a motion is abandoned when there is unreasonable delay *and* defendant does not make reasonable efforts to pursue the motion). We accordingly uphold the trial court's reduction of Herr's sentence.

## IV. Conclusion

Herr filed his 35(b) motion within the 120–day filing period mandated by the rule, yet the trial court unreasonably delayed ruling on that motion for the improper purpose of allowing Herr an opportunity to build a favorable DOC record. However, under the circumstances here, Herr made reasonable efforts to pursue his motion, and thus did not abandon his motion. Accordingly, we reverse the judgment of the court of appeals.

Justice COATS dissents, and Justice EID joins in the dissent.

Justice COATS, dissenting.

Because I do not agree that the defendant made reasonable efforts to secure an expeditious ruling on his request for sentence reduction, I respectively dissent.

I, of course, agree that delaying the resolution of a 35(b) motion to give the defendant an opportunity to build a positive record is never reasonable and therefore that the district court failed to rule within a reasonable time in this case. I disagree, however, with the majority's finding of reasonable efforts by the defendant to secure an expeditious ruling, both because I believe the majority misreads the defendant's motion and because I believe that moving the court to rule expeditiously (as it is obliged to do anyway) or, in the alternative, to delay in order to give the defendant a chance to build a positive record (even if these had actually been the choices offered by the defendant's motion), would nevertheless not be adequate.

Rather than requesting immediate review of his sentence or a delay to build a favorable record, as the majority believes, the defendant's motion actually prays for the court to *grant him either a reduction of his current sentence* or a delay to build a favorable record. The defendant never requests, even in the alternative, an expeditious ruling on his motion. He moves the court to rule expeditiously only if it is willing to grant a sentence reduction without further support; but if it is unwilling to reduce his sentence immediately, the motion requests a delay for the defendant to build a favorable record. The import of the motion is clearly to seek delay rather than accept denial of the motion in a timely manner.

In any event, however, I do not believe the defendant's conduct, even if his motion were as the majority understands it to be, could constitute the reasonable efforts to secure the expeditious resolution of a request for sentence reduction required by our prior holdings. As long as thirty-five years ago we acknowledged a state constitutional mandate to the effect that once finality of sentence is achieved, any further relief from that sentence must be obtained through the executive department by way of commutation, and not through the judiciary. *See People v. Herrera,* 183 Colo. 155, 516 P.2d 626 (1973); *see also People v. Fuqua,* 764 P.2d 56 (Colo. 1988). Although we there held that finality of sentence was achieved according to the 120–day limit of Crim. P. 35(b), we later determined, in *Fuqua,* 764 P.2d at 61, that expeditious resolution of a 35(b) motion would still accord due deference to the principle of finality. Similarly, because a defendant cannot absolutely control court action on even a timely-filed motion, we further held that finality of sentence, which would bar modification by the judiciary, could nevertheless not be achieved as long as the defendant made reasonable efforts to secure an expeditious ruling. *Id.*

Although we made clear at least by the time of *Mamula v. People,* 847 P.2d 1135, 1138 (Colo.1993), that the time to build a record of conduct with the department of corrections is not what Crim. P. 35(b) contemplates as a reasonable time, we continue

to find ourselves (as the record in this case demonstrates) faced with an ongoing practice of delay precisely for this purpose. Far from making efforts to secure compliance by a recalcitrant court with its duty to rule expeditiously, a request, even in the alternative, for delay to build a record of cooperation and rehabilitation is a clear invitation for the court to violate that duty. The majority holding to the contrary not only offers tacit approval of this practice but, in fact, suggests a formula for circumventing the limitation on judicial power embodied in the executive's exclusive constitutional authority to commute sentences.

I therefore respectfully dissent.

I am authorized to state that Justice EID joins in this dissent.