22CA1329 Peo v Moreno 01-23-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 23CA1329
Weld County District Court No. 13CR1326
Honorable Timothy Kerns, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Corey Louie Moreno,

Defendant-Appellant.

APPEAL DISMISSED IN PART
AND ORDER AFFIRMED

Division II
Opinion by JUDGE FOX
Gomez and Lum, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced January 23, 2025

Philip J. Weiser, Attorney General, William G. Kozeliski, Senior Assistant
Attorney General, Denver, Colorado, for Plaintiff-Appellee

Patrick R. Henson, Alternate Defense Counsel, Chelsea A. Carr, Alternate
Defense Counsel, Denver, Colorado, for Defendant-Appellant

¶ 1     Corey Louie Moreno appeals the postconviction court's order granting in part and denying in part his combined Crim. P. 35(b) and 35(c) motion.  The court granted the motion in part by reducing Moreno's prison sentence by five years.  We dismiss the appeal in part and otherwise affirm.

## I.     The District Court Proceedings

### A.     The Proceedings Through Sentencing (2013-2014)

¶ 2     In 2013, the prosecution charged Moreno with two counts of first degree murder, seven counts of attempted first degree murder, one count of first degree assault, seven crime of violence counts, and one count of violating the Colorado Organized Crime Control Act.  The district court appointed alternate defense counsel (plea counsel) to represent him.

¶ 3     The parties later entered into a plea agreement under which Moreno agreed to plead guilty to an added count of second degree murder, the prosecution agreed to dismiss the original charges, and the parties stipulated to a sentencing range of twenty-five to forty years in the custody of the Department of Corrections (DOC).

¶ 4     In October 2014, the district court sentenced Moreno to forty years in the custody of the DOC.

¶ 5    Moreno did not file a direct appeal.

### B. The Original Rule 35(b) Motion and Investigation by Postconviction Counsel (2015-2021)

¶ 6    In February 2015, plea counsel filed a motion to reconsider Moreno's sentence within the 126-day deadline under Crim. P. 35(b).  Plea counsel clarified that he filed the motion "to satisfy the [Rule 35(b)] deadline" and asked the district court to "set a hearing on the reconsideration motion on a date certain, but not . . . consider the merits of this motion until after all supporting documents can be supplied to the Court."

¶ 7    However, according to the record before us, plea counsel never filed any further documents in support of the Rule 35(b) motion; the only document he filed thereafter was a November 2015 transcript request form requesting a copy of the sentencing hearing transcript. There is also no indication in the record that plea counsel ever formally withdrew from representing Moreno in the case.

¶ 8    Further, there is no indication in the record that the district court took any action on the Rule 35(b) motion.  It never set the requested hearing or gave plea counsel a deadline to file the supporting documentation.

¶ 9       In December 2018 — approximately four years after sentencing and the filing of the Rule 35(b) motion — Moreno sent a pro se letter to the court asking it "to accept [his] request of ineffective assistance of counsel, because [he] feel[s] there was inadequate representation in [his] case by [plea] counsel."  The postconviction court promptly appointed the Public Defender's Office (PD's Office) to represent Moreno on the ineffective assistance claim, and after the PD's Office withdrew because of a conflict, the court appointed new alternate defense counsel.

¶ 10      Moreno's first postconviction counsel entered her appearance and filed three requests for extensions of time to investigate potential postconviction claims on Moreno's behalf.  But in 2020, Moreno's first postconviction counsel withdrew and new postconviction counsel entered her appearance to represent Moreno.  Over the next year and a half, Moreno's new postconviction counsel filed six more requests for extensions of time to investigate potential claims and to file a postconviction motion on Moreno's behalf.

## C. Moreno's Combined Crim. P. 35(b) and 35(c) Motion (2021)

¶ 11 In November 2021 — nearly three years after the original appointment of the PD's Office — postconviction counsel filed the combined supplemental Rule 35(b) and 35(c) motion at issue, along with numerous exhibits. In the motion, postconviction counsel requested that the court "engage in a sentence reconsideration, *either upfront based on the pending Rule 35(b) motion before it*, or based on a finding that Mr. Moreno's [plea] counsel rendered ineffective assistance of counsel relative to Moreno's sentence." (Emphasis added.)

### 1. The Rule 35(b) Motion

¶ 12 As to Moreno's long-pending Rule 35(b) motion, postconviction counsel argued that "[b]ecause Mr. Moreno's [plea] counsel filed a timely Rule 35(b) Motion and this Court has not yet addressed that Motion, this Court has jurisdiction and is, respectfully, required to consider it." Counsel also asserted that the court should consider the arguments in, and exhibits attached to, the supplemental Rule 35(b) motion.

¶ 13 The exhibits attached to the motion included two reports from a licensed clinical social worker detailing Moreno's traumatic

childhood and rehabilitation in the DOC. According to the first report, during Moreno's childhood he suffered from fetal alcohol syndrome, homelessness, and extensive physical and sexual abuse. And according to the second report, Moreno had "grown tremendously" during his time in the DOC, including cofounding the Reimagine Program, an inmate-led intensive rehabilitation pre-release program; and serving on the advisory board for the University of Denver's Prison Research Innovation Network.

### 2. The Rule 35(c) Motion

¶ 14     Moreno also raised Rule 35(c) claims in the motion, arguing that his plea counsel provided ineffective assistance (1) through errors at the sentencing hearing, (2) by not advising Moreno of his right to file a direct appeal of his sentence, and (3) by not pursuing the original Rule 35(b) motion. The motion also requested a proportionality review of Moreno's forty-year sentence.

¶ 15     Moreno acknowledged that the Rule 35(c) motion was untimely because it was filed well beyond the three-year deadline, which had expired in October 2017. *See* § 16-5-402(1), C.R.S. 2024. However, Moreno asserted that he had justifiable excuse or excusable neglect for missing the deadline because (1) plea counsel did not advise him

of his right to seek postconviction relief under Rule 35(c); (2) he was unaware of that right "until the August to September 2017 time frame," soon before the October 2017 deadline; and (3) he had been placed in administrative segregation in July 2017, where he remained "for many months" and where his access to the law library was severely limited.

### D. The Hearing and Ruling on the Combined Rule 35(b) and 35(c) Motion (2022)

#### 1. The Rule 35(b) Ruling

¶ 16 According to a minute order issued in early 2022, the postconviction court set a Rule 35(b) hearing, which was ultimately held over two days in June 2022. At the hearing, the court confirmed that it was holding a Rule 35(b) hearing to reconsider Moreno's sentence, and that it had reviewed all the materials submitted with the supplemental Rule 35(b) motion.

¶ 17 Moreno and two of his family members testified at the hearing. Following their testimony, the defense argued that the court should reduce Moreno's sentence to twenty-five years based on the evidence of his tragic childhood and rehabilitation in the DOC. In response, the prosecutor emphasized the severity of Moreno's

crimes and that his offer for Moreno to plead guilty to one count of second degree murder was "extremely generous."  However, the prosecutor conceded that a reduction of Moreno's sentence to thirty-five years was warranted because Moreno had gone "above and beyond" in his efforts to rehabilitate himself in the DOC.

¶ 18    In the postconviction court's oral ruling, it first said — without specifically addressing the years-long delay since the original Rule 35(b) motion was filed — that it had the authority to reconsider Moreno's sentence under Rule 35(b).  The court then emphasized the severity of Moreno's crimes and that the original charges could have resulted in a life sentence in the DOC without the possibility of parole.  It also concluded that the stipulated sentencing range of twenty-five to forty years reflected some mitigation based on Moreno's young age (he was twenty-one years old at the time of his crimes).  The court then balanced the relevant sentencing factors and concluded that the original imposition of a forty-year sentence was "extremely reasonable," and that it would be surprised if any similarly situated judge would have imposed anything less than that.

¶ 19 However, the court concluded that a reduction in Moreno's sentence was warranted based on the "substantial new information in terms of the Reimagine Program, the letters of recommendation that were filed, [and] what [it] view[ed] as rehabilitation in terms of that criminal mindset." The court ultimately decided to reduce Moreno's sentence by five years to a sentence of thirty-five years in the DOC *nunc pro tunc* to the date of the original sentencing hearing. In doing so, the court emphasized that it was not simply following the prosecutor's recommendation but instead was exercising its independent discretion in determining the appropriate sentence on reconsideration.

2. The Effect of the Rule 35(b) Ruling on the Rule 35(c) Claims

¶ 20 At the Rule 35(b) hearing, the court also repeatedly asked Moreno's counsel whether its ruling on the Rule 35(b) motion would render the Rule 35(c) claims moot. Postconviction counsel clarified that the combined Rule 35(b) and 35(c) motion was solely intended to challenge Moreno's sentence, not to undermine the validity of the plea agreement in any way. However, postconviction counsel said that there was one particular Rule 35(c) claim that she was not presently willing to concede the mootness issue, specifically, the

claim that plea counsel failed to advise Moreno of his right to file a direct appeal challenging his sentence. The court set a further status hearing to give counsel time to discuss that issue with Moreno.

¶ 21 A week later, in early August 2022, Moreno filed a "motion to vacate [status] hearing and for issuance of final, appealable order." The motion recounted that the postconviction court had "addressed all but arguably one of the claims raised as part of Mr. Moreno's Rule 35(c) Motion," and that the court had "set a status hearing to address Mr. Moreno's one arguably remaining Rule 35(c) claim." The motion then reported, "After further researching and conferring with Mr. Moreno regarding that one arguably remaining Rule 35(c) claim, the Defense respectfully requests the Court vacate the [August 2022] status hearing and that it otherwise issue a written final, appealable order respecting Mr. Moreno's Combined Rule 35(b) and Rule 35(c) Motion."

¶ 22 Further, a minute order located in the register of actions indicates that, at a hearing in December 2022, the postconviction court found that Moreno had voluntarily, knowingly, and intelligently agreed to withdraw his Rule 35(c) claims. *See People v.*

9

*Sa'ra*, 117 P.3d 51, 56 (Colo. App. 2004) ("A court may take judicial notice of the contents of court records in a related proceeding.").

## II.    Analysis

### A.    The Postconviction Court Had Jurisdiction to Rule on the Original Rule 35(b) Motion

¶ 23    The People argue that the postconviction court no longer had jurisdiction in 2022 to rule on Moreno's original Rule 35(b) motion filed in 2015 (which postconviction counsel supplemented in 2021). On the record before us, we disagree.

¶ 24    To determine whether a district court still has jurisdiction to rule on a timely filed Rule 35(b) motion, we use a two-step analysis. *Herr v. People*, 198 P.3d 108, 112 (Colo. 2008).  We first consider whether the district court ruled on the Rule 35(b) motion within a reasonable time.  *Id.*  If we conclude that it did not, we then consider whether the defendant made reasonable efforts to secure a ruling in the face of the district court's excessive delay or, by contrast, whether the defendant effectively abandoned the Rule 35(b) motion.  *Id.* at 112-13.

¶ 25    Again, the postconviction court did not specifically address this issue in concluding that it still had the authority to rule on

Moreno's Rule 35(b) motion. However, we conclude that we can resolve this issue in the first instance on appeal. *See id.* at 111-12 ("[A] challenge to a court's subject matter jurisdiction is not waivable, and may be raised for the first time on appeal. . . . [A] challenge to the timeliness of a 35(b) motion or ruling calls into question a trial court's continued subject matter jurisdiction over a given case."); *People v. Walker*, 252 P.3d 1225, 1227 (Colo. App. 2011) (a jurisdictional challenge, including whether a moving party has effectively abandoned a motion, is reviewed de novo).

¶ 26     In the first step of the *Herr* test, we conclude that the district court did not rule on the original Rule 35(b) motion within a reasonable time. To be sure, the court cannot be faulted for failing to do so because the original Rule 35(b) motion lacked any substantive argument or information, and plea counsel never filed the promised supplemental information in support of the motion. However, the district court could have set a hearing on the original Rule 35(b) motion or otherwise set a deadline for plea counsel to file the additional documentation. The court did not do so, and the original Rule 35(b) motion remained pending when the postconviction court began presiding over the case, when it

appointed postconviction counsel to represent Moreno, and when postconviction counsel filed the combined Rule 35(b) and 35(c) motion.

¶ 27   That brings us to the second step of the *Herr* test regarding whether Moreno effectively abandoned the original Rule 35(b) motion.  On the record before us, we decline to find that Moreno abandoned the original Rule 35(b) motion.  In *Swainson v. People*, 712 P.2d 479, 480 (Colo. 1986), our supreme court held that if a defendant "was unconstitutionally deprived of the opportunity to file his [Rule 35(b)] motion because of ineffective assistance of counsel, then the trial court would have jurisdiction and could extend the time limit for filing the motion."  *See also People v. Duke*, 36 P.3d 149, 153 (Colo. App. 2001) ("Post-conviction counsel's failure to file a timely Crim. P. 35(b) motion deprived [the] defendant of the right to seek a reduction of sentence.  Counsel's omission may have constituted ineffective assistance of counsel, which would excuse or permit a belated filing of the motion.").

¶ 28   We conclude that the rule from *Swainson* and *Duke* applies with equal force here, where (1) plea counsel filed a timely Rule 35(b) that was devoid of any substantive argument or information,

12

but which promised to file further information in support of the motion; and (2) plea counsel never filed any such information and did not otherwise pursue the motion further.

¶ 29      The record indicates, quite strongly, that plea counsel provided ineffective assistance in relation to the original Rule 35(b) motion. Beyond plea counsel's request for the sentencing hearing transcript, he did not file any further documents in support of the Rule 35(b) motion. And significantly, plea counsel did not file any document explaining to the court why he did not further pursue the Rule 35(b) motion, such as, for example, notifying the court that he was withdrawing from the case, or informing the court that a breakdown in communication between him and Moreno prevented him from further pursuing the motion. The failure of plea counsel to at least keep the district court informed regarding the status of supplementing the Rule 35(b) motion constituted ineffective assistance of counsel.

¶ 30      Further, we do not have a sufficient basis in the record to place any blame on Moreno personally on the abandonment issue. Our conclusion would likely be different if, for example, plea counsel had notified Moreno and the court that he was withdrawing

13

from the case, and Moreno thereafter did not timely supplement the Rule 35(b) motion or seek a ruling on it. But there is no indication in the record that plea counsel ever withdrew from representing Moreno on the Rule 35(b) motion. *See People v. Branch*, 805 P.2d 1075, 1081 (Colo. 1991) (stating that a criminal defendant has the right to rely on counsel as a "medium" between him and the state) (citation omitted); *cf. People v. Valdez*, 789 P.2d 406, 408 (Colo. 1990) (a criminal defendant has the right to rely on his counsel to file a petition for writ of certiorari).

¶ 31     The People emphasize the very lengthy delay of *seven years* between when the original Rule 35(b) motion was filed and when the combined Rule 35(b) and 35(c) motion was filed. However, two key issues prevent us from concluding that the seven-year delay resulted in the court losing jurisdiction to rule on the Rule 35(b) motion. First, during the first four years of the delay, Moreno was (1) apparently still represented by plea counsel (there is no evidence to the contrary), and (2) apparently still relying on plea counsel to supplement the Rule 35(b) motion. Indeed, plea counsel never filed any document with the court suggesting otherwise.

¶ 32    And second, the three-year delay between the fourth year and seventh year since the filing of the original Rule 35(b) motion was caused by (1) Moreno initially being represented by a postconviction counsel who later withdrew, requiring the appointment of new postconviction counsel; and (2) those two postconviction counsel filing a total of *nine* motions for extensions of time to investigate the case and file the combined Rule 35(b) and 35(c) motion.  We cannot discern any basis in the record to blame Moreno personally for those extensive delays.

¶ 33    For these reasons, we conclude that the postconviction court retained jurisdiction to rule on the Rule 35(b) motion.

### B.    We Will Not Review the Propriety of Moreno's Thirty-Five-Year Sentence

¶ 34    Moreno argues that the postconviction court "abused its discretion and reversibly erred when the court adopted the recommendations of the district attorney without *correctly* balancing the factors regarding Mr. Moreno's significant rehabilitation and contributions to the community."  (Emphasis added.)  He also argues that the postconviction court "abused its discretion when it failed to *fully* take into account Mr. Moreno's

15

significant rehabilitation and contributions to the community."
(Emphasis added.)

¶ 35    We construe these arguments as challenging the *propriety* of the court's decision to resentence Moreno to thirty-five years in the DOC. *See Sullivan v. People*, 2020 CO 58, ¶ 13 (noting that "the propriety of the sentence" implicates "the intrinsic fairness or appropriateness of the sentence itself taking into account 'the nature of the offense, the character of the offender, and the public interest.'" (quoting *People v. Malacara*, 606 P.2d 1300, 1302-03 (Colo. 1980))); *People v. Bloom*, 251 P.3d 482, 483 (Colo. App. 2010) (an argument that the district court did not properly weigh the relevant sentencing considerations constitutes a challenge to the propriety of the sentence), *overruled on other grounds by Sullivan*, ¶¶ 11-18.

¶ 36    In appealing a ruling on a Rule 35(b) motion, a defendant may not seek judicial review of the *propriety* of the resentencing decision. *See Malacara*, 606 P.2d at 1303; *People v. Barnett*, 2020 COA 167, ¶ 31; *see also People v. Dennis*, 649 P.2d 321, 322 & n.3 (Colo. 1982) (noting that the supreme court on numerous occasions has reaffirmed *Malacara*'s holding on this point). Moreno may not

appeal the postconviction court's ruling on how it decided to balance the applicable sentencing factors in arriving at a thirty-five-year sentence on reconsideration.

¶ 37    Further, even if Moreno could appeal the propriety of his thirty-five-year sentence because he never filed a direct appeal challenging his forty-year sentence, *see* § 18-1-409(1), C.R.S. 2024 ("[T]he person convicted shall have the right to one appellate review of the propriety of the sentence."), his current challenge to the propriety of his thirty-five-sentence is barred because the sentence falls within the stipulated sentencing range in the plea agreement. *See id.* ("[I]f the sentence is within a range agreed upon by the parties pursuant to a plea agreement, the defendant shall not have the right of appellate review of the propriety of the sentence.")

¶ 38    Moreno's only argument on appeal that could be construed as challenging the propriety of the Rule 35(b) *proceeding* — which can be challenged in an appeal of a Rule 35(b) ruling, *see Malacara*, 606 P.2d at 1302-03 — is that the postconviction court failed to exercise its discretion in simply approving the prosecutor's recommendation that Moreno be resentenced to thirty-five years in the DOC.  We reject any such argument.  The transcript of the Rule 35(b) hearing

clearly indicates that the postconviction court exercised independent discretion in arriving at the thirty-five-year sentence by balancing all the relevant sentencing considerations. Indeed, the court went so far as to specify that it was not simply adopting the prosecutor's recommendation, but instead arrived at the thirty-five-year sentence by exercising independent discretion. In doing so, the court specifically gave Moreno some credit for his rehabilitation in the DOC. But Moreno's argument that his rehabilitation should have resulted in a lower sentence is an unreviewable challenge to the propriety of the thirty-five-year sentence.

### C. Moreno Effectively Abandoned His Rule 35(c) Claims

¶ 39 Again, the postconviction court repeatedly questioned Moreno's counsel at the Rule 35(b) hearing regarding whether its ruling on the Rule 35(b) motion rendered the Rule 35(c) claims moot. The *only* specific claim Moreno's counsel identified as *not* being moot was that plea counsel was ineffective in not advising Moreno regarding his right to file a direct appeal of his sentence.

¶ 40 However, after the postconviction court set a status hearing to discuss that sole Rule 35(c) claim, postconviction counsel, after

18

further research and discussion with Moreno, filed the "motion to vacate [status] hearing and for issuance of final, appealable order."

¶ 41    We conclude that this motion to vacate the status hearing clearly constituted an abandonment of any remaining Rule 35(c) claims. *See Walker*, 252 P.3d at 1227 ("Whether a moving party has abandoned his or her claim for relief is determined as a matter of law."). Indeed, Moreno specifically requested that the postconviction court issue a "final, appealable order," and Moreno could not have filed this appeal until *all* his postconviction claims in the combined Rule 35(b) and 35(c) motion had been resolved. *See People v. Hamm*, 2019 COA 90, ¶¶ 20-21 (to avoid piecemeal appellate proceedings, all claims raised in a postconviction motion must be resolved before an appeal is brought); *People v. Thomas*, 116 P.3d 1284, 1285 (Colo. App. 2005) ("[A]n appeal may be prosecuted only from a final appealable order," and "[a] final appealable order is one that effectively terminates the proceedings in the court below and is a jurisdictional prerequisite to appellate review.").

¶ 42    So although the postconviction court found in December 2022 that Moreno had voluntarily, knowingly, and intelligently agreed to

19

withdraw any remaining Rule 35(c) claims, we conclude that Moreno effectively abandoned any and all Rule 35(c) claims (1) by moving in August 2022 for the postconviction court to vacate the status hearing and issue a final, appealable order on his combined Rule 35(b) and 35(c) motion; and (2) filing this appeal the same month. There are no Rule 35(c) claims for us to consider in this appeal.

## III.   Disposition

¶ 43   The portion of Moreno's appeal challenging the propriety of his thirty-five-year sentence is dismissed. The postconviction court's order is otherwise affirmed.

JUDGE GOMEZ and JUDGE LUM concur.